HERSEY, Judge.
After a New York divorce the former husband, appellee in this appeal, moved to Florida. In due course appellant filed in the appropriate Florida court a Complaint to Establish Foreign Decree as Florida Judgment. Appellant also requested enforcement of the terms of the decree after establishment.
Pursuant to a motion for judgment on the pleadings an agreed order was entered establishing the New York decree as a Florida judgment. Subsequently, pursuant to the recommendations contained in a master’s report, the trial court entered an order finding that appellee-husband was in arrears in the amount of $1,050.00 of child *482 support, which arrearages accrued prior to domestication of the foreign decree. The order required appellee to pay $75.00 per week as child support and contained other provisions not pertinent to the issues on appeal. Appellee thereupon moved to strike the case from the trial calendar, which motion was granted on the grounds that all issues framed by the pleadings had been resolved. Appellant takes this appeal from that order, raising two points for our consideration.
Among other things, the trial court denied appellant’s request for attorneys’ fees. Having in mind the ameliorating effect of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we nevertheless are inclined to the view that appellant does not meet the test of Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976) and related cases that require a showing of abuse of discretion before an award concerning attorneys’ fees in a dissolution action will be disturbed on appeal. We are further persuaded to affirm for lack of evidence in the record to show appellant’s inability to pay attorney’s fees. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
The second point on appeal complains of the trial court’s refusal to enforce payment of the arrearages in child support, specifically, by contempt, or generally, by some other appropriate remedy.
Even if the New York decree had established an amount of arrearages and ordered appellee to make payment (which it did not) that commandment is not enforceable by contempt in a Florida court. Grotnes v. Grotnes, 338 So.2d 1122 (Fla. 4th DCA 1976). Further, there is no order or judgment of a Florida court requiring ap-pellee to pay the arrearages in child support. Consequently, contempt proceedings are not available to enforce such payment. Appellant is, however, entitled to a judgment for the arrearages found in the order of June 3,1981, for which appropriate application may be made upon remand. We note that the trial court has retained jurisdiction to enter further orders and jurisdiction will reattach upon issuance of the mandate from this court.
In our view the trial court has not refused to enter a judgment for arrearages nor taken nor failed to take any other action that prejudices appellant’s position. Accordingly, we affirm.
On remand appellant may notice a hearing to determine her entitlement to attorney’s fees for this appeal, which the trial court may grant upon a showing of appellant’s need and appellee’s ability to pay.
AFFIRMED but REMANDED for additional proceedings.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.