422 So.2d 1108 (1982)
Ann C. PALLADAY, Appellant,
v.
Gary J. PALLADAY, Appellee.
No. 82-635.
District Court of Appeal of Florida, Fifth District.
December 8, 1982.
Edgar Dunn and Horace Smith, Jr., of Dunn, Smith & Withers, Daytona Beach, for appellant.
Sylvan A. Wells of Sylvan A. Wells, P.A., Daytona Beach, for appellee.
COWART, Judge.
This is an appeal from an order dismissing an action to domesticate, enforce and modify a foreign divorce judgment containing provisions for alimony and child support.
The trial court dismissed the action because the foreign decree was subject to modification in the foreign state and because alleged arrearages had not been reduced to judgment in the foreign state. The complaint alleged arrearages of alimony and child support and that under the laws of the foreign state such arrearages were vested and not subject to modification. Not only is Florida bound, under the federal full faith and credit clause, to recognize and enforce arrearages that have been reduced to judgment in a sister state but, under principles of comity, arrearages under a foreign judgment that have not been reduced to judgment there may be enforced here where, as in this case, they are not subject to modification by the sister state after they have accrued. Furthermore, a foreign support judgment may be first domesticated here and then, as a Florida decree, modified here. See Lopez v. Avery, 66 So.2d 689 (Fla. 1953); Sackler v. Sackler, 47 So.2d 292 (Fla. 1950); Berger v. Hollander, 391 So.2d 716 (Fla. 2d DCA 1980); Fugassi v. Fugassi, 332 So.2d 695 (Fla. 4th DCA 1976); Courtney v. Warner, 290 So.2d 101 (Fla. 4th DCA 1974).
REVERSED AND REMANDED for further proceedings.
ORFINGER, C.J., and DAUKSCH, J., concur.