466 So.2d 1255 (1985)
Susan J. MORIN, Appellant,
v.
Richard N. MORIN, Appellee.
No. 84-1495.
District Court of Appeal of Florida, Second District.
April 12, 1985.
*1256 Isidore Kirshenbaum, Sarasota, for appellant.
Andrew Shaw of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
Appellant, Susan J. Morin, appeals from a final judgment entered in an action to establish, enforce, and modify a foreign judgment. We affirm in part and reverse in part.
In October 1980, a judgment of divorce nisi granting the parties a divorce was entered in Massachusetts. The judgment, which became final on April 21, 1981, ordered appellee, Richard N. Morin, to pay the sum of $200 per week. The first $3,250 paid each year was to be considered alimony, and the balance was to be considered child support.
The parties subsequently moved to Florida, and in January 1983, Mr. Morin, without court approval, reduced the amount of his weekly payments to $100. On May 24, 1983, Mrs. Morin filed a three count complaint in the trial court seeking to have the Massachusetts judgment established as a Florida judgment, to have Mr. Morin held in contempt for failure to comply with the Massachusetts judgment, and to have the judgment modified to increase payments due thereunder. On June 23, 1983, Mr. Morin filed a counterclaim which also sought to establish the foreign judgment *1257 as a Florida judgment and to modify payments. At the commencement of the final hearing in this matter the parties stipulated that the Massachusetts judgment was entitled to full faith and credit.
On May 3, 1984, the trial court entered a judgment establishing the Massachusetts judgment as a Florida judgment, refusing to hold Mr. Morin in contempt of court, and reducing Mr. Morin's payments from $200 to $100 per week. The payments were modified retroactively to January 20, 1983, and the parties were required to pay their own attorney's fees and costs. This appeal timely followed.
Three of the six points on appeal merit discussion. First, Mrs. Morin contends that the trial court erred in reducing the amount of future installments ordered under the Massachusetts judgment. We find, however, that Mr. Morin presented sufficient evidence to establish an involuntary, substantial change in circumstances that resulted in a reduction of his ability to make the required payments. Accordingly, the trial court did not err in entertaining Mr. Morin's request to modify the foreign judgment, established here as a local judgment, as to future installments required to be paid thereunder. Sackler v. Sackler, 47 So.2d 292 (Fla. 1950); § 61.14, Fla. Stat. (1981).
Second, Mrs. Morin argues that the trial court erred in refusing to hold Mr. Morin in contempt of court for failure to pay the installments accrued under the Massachusetts judgment. We disagree. In determining whether arrearages should be awarded in a proceeding to enforce a foreign judgment, the trial court is entitled to consider equitable defenses. Stokes v. Crews, 265 So.2d 741 (Fla. 1st DCA 1972); Smith v. Smith, 197 So.2d 16 (Fla. 3d DCA 1967). Mr. Morin presented sufficient evidence from which the trial court could properly find an inability on Mr. Morin's part to meet the demands placed upon him by the Massachusetts judgment. Furthermore, there exists no order or judgment of a Florida court requiring Mr. Morin to pay arrearages; therefore, contempt proceedings are not available to enforce payment of the past-due installments. Kozlick v. Kozlick, 416 So.2d 481 (Fla. 4th DCA 1982); Grotnes v. Grotnes, 338 So.2d 1122 (Fla. 4th DCA 1976).
Third, Mrs. Morin claims that the trial court erred in modifying payments retroactively to January 20, 1983. We agree. Although the trial court had the authority to refuse to enforce past-due payments that had accrued under the Massachusetts judgment, Stokes; Smith, it erred in attempting to modify arrearages that had vested. We will give full faith and credit to that portion of a foreign support judgment which is not subject to modification in the state of rendition and which is, therefore, final for purposes of the full faith and credit clause. Berger v. Hollander, 391 So.2d 716 (Fla. 2d DCA 1980); Sackler. The parties stipulated that the foreign judgment was entitled to full faith and credit. Moreover, because Mr. Morin failed to show that Massachusetts law is different from Florida law, we must presume that Massachusetts law is the same as our own. Collins v. Collins, 160 Fla. 732, 36 So.2d 417 (1948). As Florida courts cannot modify arrearages retroactively, Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902 (1944); Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938), and because the parties stipulated that the Massachusetts judgment was entitled to full faith and credit, we must view the arrearages as vested. Accordingly, the court erred in ordering the reduction of the payments to take effect as of January 20, 1983.
The trial court did have the authority, however, to modify payments as of June 20, 1983, the date Mr. Morin filed his application for modification in Florida. Orders that modify support payments as of, or subsequent to, the date a petition for modification is filed, but prior to the date the order of modification is entered, are not subject to the criticism that they have retroactive effect which destroys vested rights. This is true because the modification and the proceedings thereon are referable to the date the petition is filed, and any change effective as of that date cannot be said to be retroactive. McArthur v. McArthur, 106 So.2d 73 (Fla. 1958). The *1258 trial court is not bound to modify the judgment as of the date the application is filed, as opposed to the date the order is entered, but it has the discretion to do so. McArthur.
We, accordingly, affirm the trial court's action in establishing the Massachusetts judgment as a Florida judgment, in reducing future installments due thereunder, and in refusing to hold Mr. Morin in contempt of court for past-due payments accrued under the Massachusetts judgment. We reverse that portion of the final judgment providing for modification to be retroactive to January 20, 1983, and remand for the entry of a judgment ordering modification to take effect as of June 20, 1983, the date the husband's application for modification was filed. The final judgment is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.