SCHWARTZ, Chief Judge.
This is an appeal by the mother from an order dismissing a complaint which essentially sought to domesticate an Arizona judgment against the appellee father for child support which was an upward modification of the terms of an original Utah judgment of divorce. We reverse.
This controversy arises from an ostensibly complex set of facts. The bare bones of the matter are that the Pettigrews were divorced in Utah, where they then lived, in 1979. The decree provided for the father to pay $100 per month in child support for each of the their two children. The husband moved to Florida, where, in 1982, a stipulated final judgment was eventually entered establishing the Utah decree as a Florida judgment. In the meantime, the ex-wife moved to Arizona where, after personal service upon Mr. Pettigrew, she secured an Arizona judgment raising the support to $300 per month per child. She then brought this action to- establish this Arizona order as a new Florida judgment. We find no cognizable basis for the lower court’s action in dismissing the complaint.
It is of course established law that a child support award of another jurisdiction may, and usually must, be recognized and established, under the Uniform Reciprocal Enforcement of Support Act (URESA) or otherwise, in the court of a sibling jurisdiction. Newton v. Newton, 245 So.2d 45 (Fla.1971); Lopez v. Avery, 66 So.2d 689 (Fla.1953); 26 Fla.Jur.2d Family Law § 808 (1981); 27C CJS Divorce § 834 (1986). Although the situation is unusual, there is no reason for departing from this principle, as to the controlling effect of the Arizona judgment, merely because (a) the Arizona judgment is a modification or amendment of an earlier Utah one, see Ibach v. Ibach, 123 Ariz. 507, 600 P.2d 1370 (1979); (b) because, as the trial court seemed to have believed, the original Utah decree had itself already been established in Florida, see Harris v. Harris, 512 So.2d 968 (Fla. 2d DCA 1987); or (c) because, it necessarily follows, both of these factors co-exist. Ma-cheteing through the factual jungle reveals that the case may properly be viewed simply as one to adopt the Arizona judgment vel non without reference to any additional, we think legally irrelevant, circumstances.
The appellee also contends that the Utah decree was never formally established in Arizona and that the Arizona judgment cannot therefore form the basis of a subsequent Florida judgment. It has indeed been held that the judgment of one state must be adopted in another before the subsequent decree is entitled to recognition either by the original state or by a third one. E.g., Krueger v. Krueger, 179 Conn. 488, 427 A.2d 400 (1980). But these authorities do not apply here. While there was no formal request for that relief in the *988 Arizona complaint[1] nor any such specific provision in the Arizona judgment[2] these supposed deficiencies make no legal difference. It is obvious that the Utah child support determination was the entire basis of the Arizona action, which sought “modification” of that award and of the judgment which simply modified it upward. In these circumstances, substance must be elevated over form and the Arizona judgment treated as if it expressly stated what it clearly involved: the adoption of the earlier Utah decree. Indeed, Arizona itself has so held in a very similar situation. In Ibach, the court said:
The Colorado court had before it for consideration the petition of Ernestine Ibach for enforcement of the Arizona support obligation and Maxwell Ibach’s motion to reduce or abate support. The court heard testimony from both parties covering their present circumstances. While the Colorado court may not have specifically announced that it intended to modify the Arizona support order, the issue of whether to enforce.it or to modify it was before the court. The Colorado court, by ordering Maxwell to pay $75.00 per month, obviously intended to modify the Arizona support decree. Failure to have a written judgment entered immediately following the Colorado hearing was a mistake by the attorneys or the trial judge which was a clerical error under Colorado law.
Ibach, 123 Ariz. at 511, 600 P.2d at 1374. We agree.
Wherefore, Plaintiff prays that the court issue an "order to Show Cause,” ordering the Defendant to appear in court on a day, date and time certain to show cause, if any he has, why the Plaintiff shouldn’t be granted the following relief:
1) That child support be increased from $100.00 per month per child to a sum of not less than $300.00 per month per child or more, and when child support ceases on one that the sum for the other go to $450.00 per month;
2) that said child support be paid through the Clerk of Court, Gila County Superior Court, plus the Clerk’s service fees;
3) that the Defendant be ordered to pay Plaintiffs attorney’s fees and costs.
The Court made the following findings:
1. The plaintiff and her two (2) minor children reside in Globe, Arizona.
2. The defendant was personally served in this action in Gila County, State of Arizona.
3. That the defendant was in Gila County, when served, to visit his said two (2) children.
The Court Orders and Adjudged:
1. That the defendant, ELLIS D. PETTI-GREW, be and is hereby ordered to pay to the plaintiff, DIANE PETTIGREW, the sum of $300.00 per month per child commencing February 7, 1986, as and for the support and maintenance of the two (2) minor children, payable through the Clerk of the Court, Gila County Superior Court, Globe, Arizona, 85501, plus the clerk's service fee.
2. That this Court has personal jurisdiction over the defendant to effectuate this Order.
For these reasons, we hold that the trial court had no basis on the face of the complaint to deny the establishment of the Arizona order for the purposes both of the assessment of vested arrearages, Palladay v. Palladay, 422 So.2d 1108 (Fla. 5th DCA 1982); Fugassi v. Fugassi, 332 So.2d 695 (Fla. 4th DCA 1976); Edgar v. Edgar, 126 So.2d 585 (Fla. 2d DCA 1961), and of the establishment of the amounts due in the future unless appropriately modified. Lopez, 66 So.2d at 691; Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA 1985); Palladay, 422 So.2d at 1108.
Reversed.

. The “Petition In Re Modification” prayed:

. The dispositive portion of the judgment stated: