534 So.2d 1240 (1988)
Claudia WITCHER f/k/a Claudia B. Petty, Appellant,
v.
Larry D. PETTY, Appellee.
No. 88-824.
District Court of Appeal of Florida, Fifth District.
December 15, 1988.
*1241 Seymour Benson, Orlando, for appellant.
N. Lee Sasser, Jr., Orlando, for appellee.
COBB, Judge.
Claudia Witcher (wife) appeals from a final order of the trial court adjudicating that child support be increased from $250.00 per month to $400.00 per month and that $500.00 monthly payments made by the husband were in the nature of child support. The wife filed a petition to register and domesticate a foreign judgment and to modify a Texas decree of divorce dated June 3, 1983. The substantial change of circumstances was alleged to be the increased age and needs of the child (Abby) and the husband's increased ability to provide support.
An agreement incident to divorce had been executed by the parties and incorporated into the divorce decree of 1983. Section 7, entitled "SUPPORT OF CHILD," stated that the husband was to pay $250.00 per month until the child reached age eighteen with the husband paying the full cost of medical insurance coverage on the child, all general dental expenses, one-half of any orthodontic expenses, all of the deductible on medical insurance expenses, and one-half of all reasonable medical expenses not covered by medical insurance. Under section 8, "SUPPORT OF SPOUSE," the husband agreed to pay the wife $500.00 per month to be included in the gross income of the wife and to be deductible by the husband. This support obligation was unrelated to the division of any property. The obligation of the husband was to terminate on the occurrence of any of the following:
a. the death of the husband
b. the loss of husband's ability to practice medicine
c. the death of the wife
d. November 1, 1995 (when child reached age 18).
The testimony of the wife revealed that she worked weekends as a registered nurse for $9.50 per hour and that she would be obtaining her Masters Degree soon. It was the wife's choice not to work full time as Abby was in the fourth grade and the wife had a two year old child by her current husband at home to care for. Based on the wife's affidavit, Abby's expenses amount to $404.40 per week or $21,028.80 per year. These alleged expenses would represent approximately 60.25% of the Witcher household income of $34,660.00
Merely the use of the word "alimony" in a settlement agreement is not *1242 legally dispositive of any inquiry as to the nature of a support payment. It is the substance and not the nomenclature which is controlling. It is also the duty of the trial court to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, apparent object of the parties, and other provisions in the agreement, determine the meaning and intent of the language employed. Adler v. Nicholas, 381 F.2d 168 (5th Cir.1967); Clark v. Clark, 79 So.2d 426, 428 (Fla. 1955); Underwood v. Underwood, 64 So.2d 281, 288 (Fla. 1953). A settlement agreement must be given a reasonable interpretation based on its plain everyday meaning as conveyed by its terms unless the context unmistakably shows that the parties intended that it be given some peculiar or covert interpretation not readily apparent on its face. Bergman v. Bergman, 145 Fla. 10, 199 So. 920, 921 (1940).
In the instant case the trial judge found the settlement agreement ambiguous and was only trying to define the terms. The divorce decree did not call the periodic payments "alimony" and the only language in the settlement agreement tending to support this position was the section heading. The ambiguity arises because, despite the heading, the payments did not end upon the wife's remarriage and the payments would stop upon the child reaching age 18. Given that ambiguity, the construction placed on the language of the settlement agreement by the trial court was not clearly erroneous.
The wife also contends that Abby should be entitled to participate and live in the manner in which the husband lives because a substantial increase in the earnings of the husband would by itself justify an increase in child support, and an increase from $250.00 to $400.00 per month is inadequate. We find that the trial court was within its discretion in increasing the child support to $400.00 which, considered with the $500.00 payment, brought the total child support payment to $900.00 per month; moreover, many of the expenses that the wife attributed to Abby were unreasonable.
An appellant seeking to alter an award of support at the appellate level must show a clear abuse of discretion. Simonet v. Simonet, 279 So.2d 35 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974); Adams v. Adams, 247 So.2d 334 (Fla. 1st DCA 1971). This court in Boylan v. Cooper, 482 So.2d 584 (Fla. 5th DCA 1986), suggested that the trial court could reject a patently inflated expense affidavit. Thus, even though a child is entitled to enjoy the mode of living that the parents set for themselves, the trial court is still bound by the spouse's ability to pay and the bona fide or actual increased needs of the child. Martin v. Martin, 480 So.2d 683 (Fla. 5th DCA 1985), review denied, 491 So.2d 279 (Fla. 1986); Young v. Young, 456 So.2d 1282 (Fla.3d DCA 1984). In any event, it is clear that reasonable men could differ with the opinion of the trial court as to the amount of the increase in child support. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984); Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
While not the main point on appeal, the increased award of child support should have been made retroactive to the time when the petition for modification was filed. The needs existed and the husband had the ability to pay at that time. Both the needs and the ability to pay have been continuously present since the time of filing. Singbush v. Cabrera, 519 So.2d 66 (Fla. 5th DCA 1988); Perdue v. Perdue, 506 So.2d 72 (Fla. 5th DCA 1987).
Accordingly, we affirm the order of the trial court except for the commencement date of the increased child support payments. Those payments should be retroactive to the date of the filing of the petition for modification.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.