SCHEB, Acting Chief Judge.
We have for review a former wife’s action for enforcement of her former husband’s support obligations to their minor children.
Appellant Shelby Jean Burgess and Ap-pellee Robert Lee Burgess were divorced in 1983. The final judgment awarded Ms. Burgess custody of their two minor children and ordered Mr. Burgess to pay child support of $35 per week per child. After Mr. Burgess was found in contempt for failure to pay alimony and child support in 1984, the parties entered into an agreement to modify the husband’s obligations under the final judgment. Over the course of the next few years, Ms. Burgess filed various motions seeking to have the court hold her former husband in contempt for various alleged deficiencies.
On June 16, 1989, Ms. Burgess moved for an emergency contempt hearing, citing her former husband’s failure to comply with either his support obligations under the 1983 final judgment or under the September 1984 modification. The Florida Department of Health and Rehabilitative Services (HRS) also filed a motion to find Mr. Burgess in contempt for failing to pay child support as ordered in the final judgment. Mr. Burgess did not respond to either motion. On August 14, 1989, Ms. Burgess filed a motion asking the court to use “equitable remedies” to force him to pay child support. Then HRS filed a second motion for contempt.
An unrecorded hearing on the pending motions was held on August 17, 1989 before Judge Scott Brownell with the parties and HRS present. Judge Brownell entered an order on September 13, 1989, requiring Mr. Burgess to pay child support of $20 per week per child. Afterwards, pursuant to Ms. Burgess’s motions to disqualify him, Judge Brownell recused himself, and the case was reassigned to Judge Becky Titus.
On September 25, 1989, Ms. Burgess filed a “request for judge to sign plaintiff’s order,” which we interpret to be another motion to hold Mr. Burgess in contempt. On October 11 she also filed a “motion for relief from order,” which we interpret as a motion for rehearing of the September 13 order. On October 13, Ms. Burgess filed a notice of appeal, seeking review of Judge Brownell’s order of September 13, 1989. At an unrecorded hearing on November 9, 1989 with both parties present, Judge Titus ordered that the husband pay child support of $35 per week per child.
In appeal number 89-02907, Ms. Burgess challenges the September 13, 1989 order. In number 90-00151, she appeals the November 9, 1989 order. There has been no appearance for Mr. Burgess in these appeals. After hearing oral argument in number 89-02907 and upon Ms. Burgess’s request, we have consolidated these appeals. Ms. Burgess makes various arguments in her challenges to actions (and alleged inactions) of the trial court, but central to her contentions is the court’s alleged failure to enforce its judgment requiring Mr. Burgess to pay child support.
At the outset, we find that the trial court erred in its order of September 13, 1989. The husband had not filed a motion to modify his child support obligations, and accordingly, Judge Brownell should not have reduced the child support from $35 to $20 per child per week. Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984) (trial court erred in modifying child support where there was no motion for modification); Koken v. Neubauer, 374 So.2d 49 (Fla. 3d DCA 1979). Thus, we reverse Judge Brownell’s order, thereby reinstating the final judgment’s requirement that Mr. Burgess pay child support of $35 per child per week.
Judge Titus’s order accomplished the same result we direct and for the reasons *936 we advance. Nevertheless, from a procedural standpoint we cannot affirm the November 9, 1989 order. When she entered the order, Judge Titus did not have jurisdiction to hear Ms. Burgess’s motion for rehearing of Judge Brownell’s order because Ms. Burgess had already filed her notice of appeal. Thus, while we agree with Judge Titus’s reasoning and our opinion is consistent with her order, we vacate it on jurisdictional grounds.
Throughout the trial court proceedings and in her brief and on oral argument, Ms. Burgess has consistently and forcefully asserted that her former husband is grossly in arrears of meeting his financial obligations under the final judgment. We are sympathetic to her request for this court to take action to enforce any such delinquencies. However, we must point out that we do not have before us an adequate record to determine the amounts Mr. Burgess has or has not paid. Therefore, we direct the trial court to expeditiously conduct an evidentiary hearing after due notice to Mr. Burgess and to promptly enter a factual finding as to the status of payments. Should the court find that Mr. Burgess is delinquent, it should take appropriate steps to enforce its judgment.[1]
Accordingly, in appeal number 89-02907, we reverse Judge Brownell’s order of September 13, 1989 and reinstate the support requirement of $35 per week per child. In appeal number 90-00151, we vacate Judge Titus’s order of November 9, 1989. We remand for proceedings consistent with this opinion.
CAMPBELL and PATTERSON, JJ., concur.

. In addition to enforcing payment of support orders through contempt proceedings, Florida law provides various other methods to enforce child support. The following are but a few: income deduction orders (§ 61.1301, Fla.Stat. (1989)); attachment or garnishment (§ 61.12, Fla.Stat. (1989)); deductions from unemployment compensation (§ 443.051(3), Fla.Stat. (1989)); establishment of liens on motor vehicles and vessels (§ 409.2575, Fla.Stat. (1989)); ordering an obligor to furnish security to protect awards of child support (§§ 61.13(l)(c), 61.-18, Fla.Stat. (1989)); and specific equitable remedies (§ 61.11, Fla.Stat. (1989)). Also, federal law provides remedies through collection by the Internal Revenue Service.