594 So.2d 782 (1992)
Edna FABIO, Former Wife, Appellant,
v.
Eusebio MONELL, Jr., Former Husband, Appellee.
No. 91-805.
District Court of Appeal of Florida, Fifth District.
January 17, 1992.
Rehearing Denied February 24, 1992.
Bruce Johns of Ronald Colella, P.A., Orlando, for appellant.
Beatrice R. Wells of Morrell & Williams, P.A., Orlando, for appellee.

EN BANC OPINION
DIAMANTIS, Judge.
This is an appeal from a final judgment domesticating a foreign divorce decree and modifying child support provisions in said decree. The former wife appeals the trial court's failure to make the modification of child support retroactive to the date of filing of the petition to establish and modify *783 the foreign decree as a Florida judgment. We affirm.
In Palladay v. Palladay, 422 So.2d 1108 (Fla. 5th DCA 1982), we reversed the trial court for dismissing an action to domesticate, enforce and modify a foreign divorce judgment containing provisions for alimony and child support. In reversing the trial court we stated that "[a] foreign support judgment may be first domesticated here and then, as a Florida decree, modified here." Id., at 1108. This language in Palladay is consistent with the holding in Smith v. Smith, 197 So.2d 16, 17 (Fla. 3d DCA 1967), which upheld a trial court's refusal to entertain a request for modification to increase the amount of support during the pendency of an action to establish a foreign judgment because at that time the foreign decree had not been establish in this state.
In other words, a trial court lacks the authority or power to modify a foreign judgment until that foreign judgment is established as a Florida judgment. We realize that in Witcher v. Petty, 534 So.2d 1240, 1242 (Fla. 5th DCA 1988), this court reached a contrary result when we held that an increase in child support should have been made retroactive to the time when the petition to domesticate and modify was filed because the ability to pay and the increased need existed at that time. However, Witcher did not address the jurisdictional issue of the authority or power of the trial court to modify the support retroactive to the time the petition to domesticate and modify the foreign judgment was filed. Witcher only dealt with the abuse of discretion on the part of the trial court for failure to make the increase in support retroactive and relied upon authority which did not involve a modification of a foreign decree. To the extent that Witcher is inconsistent with this opinion, we recede from Witcher and reaffirm our position in Palladay.
We further certify conflict with Morin v. Morin, 466 So.2d 1255, 1257-58 (Fla. 2d DCA 1985). In Morin, the appellate court held that the trial court erred in modifying support payments to a date prior to the date the petition to domesticate and modify the foreign judgment was filed, but held that the trial court could modify the foreign judgment retroactive to the date of the filing of the petition. We note that Morin did not address the jurisdictional issue and relied upon authority which involved modification of a Florida judgment.
Accordingly, we affirm the trial court for the reasons set forth in this opinion.
AFFIRMED.
GOSHORN, C.J., and DAUKSCH, COBB, COWART, HARRIS, PETERSON and GRIFFIN, JJ., concur.
W. SHARP, J., dissents without opinion.