PER CURIAM.
Appellant, the former wife, appeals from two trial orders which prospectively reduce the former husband’s child support payments. The first order arose from the former husband’s exceptions to a general master’s report which denied his reduction request. The second order arose from the trial court’s order granting the former husband’s motion pursuant to Florida Rule of Civil Procedure 1.540 seeking relief from a prior order approving the general master’s findings.
The parties were divorced in Pennsylvania. Appellee, the former husband, moved into Broward County. In August 1990, Appellant, the former wife, petitioned the court pursuant to section 88.351, Florida *599 Statutes (1989) to enforce her Pennsylvania child support decree. When appellee received the notice of registration, he responded pro se and essentially requested a modification because of inability to pay. The matter went before a hearing officer who found that the husband had the ability to pay the arrearages. Appellee agreed to pay $125 per week which was set forth in the master’s recommendation. The trial court ratified and approved the hearing officer’s findings and report. The appellee did not file objections or an appeal.
In August of 1991, the former husband moved for a modification to reduce his payments, noting he was out of work. Another hearing was held before the master who found that appellant had initially agreed to pay the amount set by the prior order of the court. As the appellee was at the same job and at the same rate of pay, there was no showing of a substantial permanent and involuntary change in circumstances since his agreement as to the amount of child support some nine months earlier. Therefore, the master recommended denying the modification. On December 16, 1991, the trial court ratified and approved the master’s second report.
Appellee, represented by counsel for the first time, simultaneously filed exceptions to the December 1991 report and moved for relief from the March 1991 order approving the first master’s report. The trial court conducted a hearing in February 1992. No sworn testimony was taken at the hearing, and it does not appear that either party was there. As to the order sustaining exceptions to the general master’s December 1991 report, this was in essence a back door challenge to the trial court’s March 1991 order which was neither objected to nor appealed. Therefore, the findings made therein were final from a procedural standpoint. Thus, the trial court erred in sustaining the exception to the December 1991 report.
The husband’s second motion requested relief from the trial court’s order of March 1991 because of a misrepresentation made by an HRS representative that $125 was the minimum amount which would be accepted as child support. Against the argument of the wife, the court stated that it wanted to give the former husband relief. The court noted that the former husband was $4,000.00 in arrears. Thereafter, the court stated:
I am going to reduce it to $100 a week, all right, but that $25 that he is paying now has got to go to the arrearages. So he is going to be paying the same, but it is just going to be reducing his arrearag-es.
I mean, there’s $4,000 in arrearages. So that means he is paying 25 and 17 for the arrearages. Am I right?
She is getting $100 from now on then. And in the order we should say that the state has the right to come back in and modify if you can show that he is making more or he is making according to that.
The former wife’s counsel asked the court whether the above stated disposition was the court’s order or just a suggestion. The court stated that if “you don’t agree to it I am just going to set it down for a hearing. It is a suggestion”. The court noted that if a hearing were set, it would question the former husband regarding his agreement. The court stated that it was a “little influenced by the fact that somebody told him that there is a minimum of 125.” The former husband’s counsel stated that he would prepare an order. However, the court again stated that it had just made a suggestion because “you guys have to agree or, if not, we will set it down for a hearing”. That same day the court entered an order granting the former husband’s 1.540 motion in accordance with its order granting the former husband’s exceptions.
We cannot conclude from this record whether the order granting relief under 1.540(b) was an agreed order or not. Neither party nor their attorneys agreed on the record to accept the court’s suggested resolution. The order itself does not recite that it is agreed to. Without agreement the order would be erroneous as there was no evidence to support the allegations of the motion for relief. See International Design & Display Group, Inc. v. Barnett Bank, 590 So.2d 554 (Fla. 3d DCA 1991).
*600 We therefore reverse and remand to the trial court to determine whether the order it entered was agreed to by the parties, and if not, to conduct a hearing on the motion for relief at which time appellee can present evidence in support of his allegations.
STONE, WARNER and FARMER, JJ., concur.