654 So.2d 267 (1995)
STATE OF Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, on Behalf of Carla M. CARTER, Appellant,
v.
David L. CARTER, Appellee.
No. 94-00962.
District Court of Appeal of Florida, Second District.
April 28, 1995.
Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance on behalf of appellee.
PER CURIAM.
The Department of Health and Rehabilitative Services, on behalf of the mother, Carla M. Carter, appeals an order reducing the child support obligation of the father, David L. Carter. We reverse the order because it was entered without notice or a petition for modification.
In August 1991, an Ohio court entered a judgment requiring Mr. Carter to pay $65.32 per week in child support. He did not pay this support, and took no steps to modify the obligation. The mother registered the Ohio judgment in Florida pursuant to section 88.371, Florida Statutes (1993). She then filed a motion for contempt to enforce the judgment.
The father appeared without counsel at the hearing on the mother's motion for contempt. After listening to the father's explanation, the trial court entered an order on the motion for contempt finding that the father owed $5373.34 in back support, and ordering the father to pay $20.00 per month toward that support arrears. Without notice or any petition to modify child support, the trial court reduced the father's future child support obligation to $80.00 per month. The mother objected to this reduction because the father had not petitioned for modification.
A Florida court can modify child support awarded by a foreign judgment registered under section 88.371.[1]Pettigrew v. *268 Pettigrew, 518 So.2d 986 (Fla. 3d DCA), review denied, 529 So.2d 695 (Fla. 1988); see also, State, Dep't of Health & Rehab. Servs. v. Davis, 616 So.2d 1207 (Fla. 2d DCA), review dismissed, 624 So.2d 265 (Fla. 1993). Due process requires that such a modification occur only after the filing of a motion seeking modification and notice to the other party. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Notarianni v. Notarianni, 622 So.2d 1144 (Fla. 2d DCA 1993); Burgess v. Burgess, 568 So.2d 934 (Fla. 2d DCA 1990), review denied, 581 So.2d 1307 (Fla. 1991). Accordingly, we reverse the order. On remand the trial court is directed to reinstate the support obligations due under the Ohio order and recalculate the arrearage to include this amount.
Reversed and remanded with directions.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] Whether the trial court should use this power to reduce child support for a child living in Ohio to an amount established by the Florida child support guidelines need not be resolved in this case. The trial court's decision was strongly influenced by the Florida guidelines. It would seem prudent for the trial court to consider the support normally awarded to similarly situated Ohio children under Ohio law. Although this is a part IV enforcement proceeding under chapter 88, it is noteworthy that a reduction in child support in a chapter 88, part III proceeding does not eliminate the foreign support obligation. See State, Dep't of Health & Rehab. Servs. v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994).