STONE, Judge.
The former wife appeals from a judgment awarding child support prospectively but rejecting her claim for support retroactive, for over three years, to the date of a final judgment of dissolution. We affirm.
The initial final judgment of disso-, lution, awarding custody to the former wife, established the obligations of the parties until modified. See de Jesus Paris v. Bollon, 503 So.2d 1387 (Fla. 4th DCA 1987). Although we do not have the benefit of either a complete record or the trial court’s reasoning with respect to not awarding her child support in the initial proceedings, we note that there is evidence that the former husband lacked the ability to pay at that time. Also, although there were brief periods during which he was employed subsequent to the initial proceeding, the record reflects other periods of unemployment, disability, and incarceration.
Although we do not have the benefit of transcripts from either the initial proceeding or the subsequent modification hearing, there is support in the limited record for the trial court’s conclusion. We also note that the former husband was denied visitation in the initial judgment.
We have considered the authorities cited in the dissenting opinion, but conclude that they are inapposite. In Amend v. Amend, 341 So.2d 1038 (Fla. 4th DCA 1977), as Judge Polen acknowledges, the issue did not involve an order imposing support retroactive to the initial judgment, and in Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992), the issue involved imposing an initial paternity obligation retroactively to birth. Here, however, there is an initial final judgment by the court which does not purport to retain jurisdiction over, or defer, the issue. That judgment was not appealed or otherwise ever challenged.
KLEIN, J., concurs.
POLEN, J., dissents with opinion.