PER CURIAM.
We affirm the trial court’s registration of the Texas support order pursuant to section 88.351, Florida Statutes (1993), Florida’s Uniform Reciprocal Enforcement of Support Act; but reverse what was in essence the trial court’s confirmation of the registration based on the court’s precipitate denial of certain affirmative defenses raised by appellant and remand with direction to consider them on the merits.
It was error for the trial court to believe these matters had to be considered in Texas. Section 88.371(1), provides:
(1) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.
§ 88.371(1), Fla.Stat. (1993) (emphasis added). Registration of a foreign support order cannot be confirmed until the respondent who timely challenged the registration has had an opportunity to present evidence and litigate any sound objections to the registration. See Frazier v. Frazier, 616 So.2d 575, 577-78 (Fla. 2d DCA 1993).
Of the affirmative defenses filed by appellant, two of them — on the face of the record — were entitled to full consideration; namely, (1) that the Texas order was not valid because it had been the subject of a motion for non-suit by appellee in Texas, and (2) that the Texas judgment was procured by extrinsic fraud. In considering the validity of the Texas judgment, the Florida trial court must apply Texas law. See Nichols v. Nichols, 613 So.2d 137, 138 (Fla. 4th DCA 1993) (in context of chapter 55, Florida Statutes (1989), the Florida Enforcement of Foreign Judgment Act); Hinchee v. Golden Oak Bank, 540 So.2d 262, 263 (Fla. 2d DCA 1989) (in context of chapter 55, Florida Statutes (1985), the Florida Enforcement of Foreign Judgment Act).
Furthermore, Florida trial courts have authority to modify a foreign support award that is registered in Florida under section 88.371. State, Dep’t of Health & Rehabilitative Servs. v. Carter, 654 So.2d 267 (Fla. 2d DCA 1995). Thus, if after an evi-dentiary hearing on remand, the court rejects appellant’s objections to the registration and confirms the registration, then the court should hear evidence on appellant’s motion for modification of child support due to changed circumstances.[1] See, e.g., Department of Health & Rehabilitative Servs. v. Schein, 616 So.2d 598 (Fla. 4th DCA 1993).
GLICKSTEIN, WARNER and KLEIN, JJ., concur.

. We elect to treat appellant's "Fifth Affirmative Defense, or Alternatively, Former Husband’s Motion to Modify Support” as a motion to modify support. We note here, however, our disapproval of counsel burying its motion among the affirmative defenses, rather than filing a separate properly pled motion to modify.