PER CURIAM.
Lizzie Duling and the Department of Revenue (DOR) appeal an order that modified child custody and required Ms. Duling to pay child support to Darnell S. Duling. We reverse because there was no pleading before the trial court seeking such relief.
This marriage was dissolved in Michigan in 1991. The Michigan court awarded Ms. Dul-ing custody of the couple’s two children. Mr. Duling’s child support obligation was allegedly held in abeyance. The record suggests that the support may have been held in abeyance because Mr. Duling was attending school.
After the parties divorced, Ms. Duling moved to Polk County, Florida, where her mother resided. With assistance from the state, Ms. Duling filed a petition for child support in June 1994. Mr. Duling was not represented by an attorney in the trial court, but he filed a letter alleging that he had recently moved to Polk County to protect his children from Ms. Duling’s abusive boyfriend. He alleged that both of the children currently lived with him. In his letter, Mr. Duling did not request a change of custody or an award of child support.
Following an evidentiary hearing, the trial court determined that one of the children was living with Mr. Duling and ordered Ms. Duling to pay $80 per month in child support. Without a pleading requesting this relief, the trial court was not authorized to enter an order changing custody or requiring Ms. Dul-ing to pay this support. Department of Health & Rehabilitative Servs, v. Carter, 654 So.2d 267 (Fla. 2d DCA 1995); Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983).
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.