739 So.2d 599 (1997)
Hector TORRES, Appellant,
v.
Miriam A. TORRES, Appellee.
No. 96-03261.
District Court of Appeal of Florida, Second District.
July 18, 1997.
Catherine W. Real of Muga & Real, P.A., Tampa, for Appellant.
Edna Elliott of Edna Elliott, J.D., P.A., Tampa, for Appellee.
DANAHY, Acting Chief Judge.
We reverse the nonfinal order under review[1] because we find the trial court erred in increasing the amount of child support the appellant must pay in the face of an existing, unappealed and unmodified order on the same subject.
The appellant and the appellee were married in 1988 and a daughter, Angelica Maria, was born to them during the marriage. In 1991 they entered into a marital settlement agreement. Under the terms of the agreement the appellant would pay $50 per week child support and any reconciliation between them, or remarriage, would not be effective to modify or revoke the agreement unless it was in writing and signed by them. A final judgment of dissolution incorporating the terms of the marital settlement agreement was entered in 1992. Soon thereafter the parties reconciled *600 and resumed cohabitation although they did not remarry. In 1993 the parties had a son, Hector Daniel. The appellant continued his support of the appellee and his children until early 1996 when the reconciliation ended and they again separated.
The appellee filed her three-count complaint in this suit in March 1996. Count I sought to establish the paternity of Hector Daniel.[2] Count II sought to set aside the judgment of dissolution entered in 1992. Count III petitioned for dissolution anew and requested, inter alia, temporary and permanent child support. After holding an evidentiary hearing on the appellee's request for temporary support, the trial court ordered the appellant to pay $2,255 per month, an amount in accord with the child support guidelines figure for two children, as well as arrearages of support from January 1996. The appellant does not contest the order as it applies to Hector Daniel but does contend that because there is an existing, unmodified, unappealed order of support for Angelica Maria, it was error for the trial court to modify his duty to support her under these circumstances. We agree.
It is settled that a trial court cannot modify a child support obligation absent a pleading or motion requesting such modification. Notarianni v. Notarianni, 622 So.2d 1144 (Fla. 2d DCA 1993); Burgess v. Burgess, 568 So.2d 934 (Fla. 2d DCA 1990); Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). A final judgment of dissolution, such as has been present in the circumstances of this case since 1992, establishes the obligations of each party regarding child support until such judgment is modified or set aside. Marrero v. Pescow, 656 So.2d 584 (Fla. 4th DCA 1995); see also State, Dep't of Revenue ex rel. Pulliam v. Watt, 681 So.2d 800 (Fla. 2d DCA 1996) (court erred by attempting to retroactively make former wife into obligor where former husband had not sought modification of Ohio judgment ordering him to pay support for parties' child); Whitcomb v. Whitcomb, 669 So.2d 309 (Fla. 2d DCA 1996) (where court had not modified husband's obligation to pay half of medical costs not paid by insurance he remained responsible for half of total owed).
The trial court, in its order styled "Order for Temporary Support," in addition to requiring the appellant to pay increased child support for Angelica Maria beyond the amount set in the previous judgment of dissolution, found that that child support provision on behalf of Angelica Maria was voidable. It explained that this finding was based on the meager amount set and that the parties had thus, impermissibly, partially waived Angelica Maria's right to support. There is no dispute that parents may not contract away or waive a child's right to support. Strickland v. Strickland, 344 So.2d 931, 932 (Fla. 2d DCA 1977). This, however, is not the issue here because this case does not merely involve a contract purportedly waiving Angelica Maria's right to support. Rather, we have a 1992 court order fixing the appellant's duty of support which has not been modified or appealed. Until such time as a petition to modify is filed and adjudicated or, as here, Count II of the appellee's complaint seeking to set aside that prior support order is addressed, the trial court may not modify the appellant's support obligation of Angelica Maria under the 1992 judgment of dissolution. Raybuck, 451 So.2d at 542. The appellee has recognized, either implicitly or explicitly, this basic legal tenet by seeking to set aside that prior judgment in Count II of her complaint and then seeking adjudication de novo of the appellant's support obligation in Count III. The trial court will adjudicate the viability of the 1992 dissolution judgment based on Count II of the *601 appellee's complaint.[3] Until the trial court adjudicates and either sets aside that 1992 dissolution judgment, or modifies it upon a proper petition, it controls the appellant's support obligation of his daughter.
We reverse the order of temporary support as it pertains to Angelica Maria and remand for further proceedings.
PATTERSON and LAZZARA, JJ., concur.
NOTES
[1] We have jurisdiction to review this nonfinal order because it relates to immediate monetary relief in a domestic relations matter. Fla. R.App. P. 9.130(a)(3)(C)(iii).
[2] The appellant admitted his paternity of the boy. Nothing relating to Hector Daniel is at issue in this appeal.
[3] We make no comment on the merits of the issue presented in Count II of the appellee's complaint because the trial court has yet to address that count.