VAN NORTWICK, Judge.
Nancy S. Barr appeals a final judgment which domesticated a North Carolina final judgment of dissolution and modified such judgment to increase the amount of child support and alimony. Appellant argues that the trial court erred in increasing the alimony and child support only prospectively and in setting the amount by which the alimony was increased. We find no abuse of discretion as to the amount of alimony awarded by the modification. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985). We do agree, however, that the trial court erred in concluding that the order of modification could not be made effective as of the date the appellant filed her petition for domestication and modification. Accordingly, we affirm in part, re *1201 verse in part, and remand for further proceedings consistent with this opinion.
After a seven year marriage, the parties to the instant action separated in February 1972. In the final judgment of dissolution entered by the North Carolina trial court in May 1972, appellant was granted residential custody of the parties’ child who was born with severe birth defects and remains completely dependent. In December 1994, the appellant filed a petition to establish the final judgment of dissolution as a Florida judgment and to modify the judgment by increasing the amount of child support and alimony. Since September 1973, when the North Carolina judgment was modified, appellant had been paid $250 per month in child support, plus medical expenses, and $280 per month in alimony. At the time of dissolution, the appellee earned approximately $20,000 per year. Subsequent to the dissolution, appel-lee started a computer software company in Gainesville. At the time the instant petition was filed, he was earning approximately $4 million per year. The former wife is a resident of Maryland where she had been employed as an economist. At the time of the final hearing below, however, she was unemployed.
Following an evidentiary hearing, the trial court below entered an order domesticating the North Carolina decree and awarding an increase in alimony and an increase in support for the parties’ dependent child. One issue raised at the hearing was whether the increased award of child support and alimony would be made effective prospectively only or retroactive to the date appellant filed her Florida petition. Appellee argued below that as a matter of law the modification could not be effective until the foreign judgment was domesticated in Florida, and that such domestication did not occur until the date a certified copy of the foreign judgment was recorded in the clerk’s office of the Florida circuit court. Thus, he contended, the Florida modification could not be made retroactive to the date of the filing of the petition for modification, because the original North Carolina judgment had not been domesticated in Florida as of that date. In its final judgment of May 22, 1996, the trial court agreed with appellee and ordered the increased award to be effective June 1, 1996, rather than retroactive to the date of the filing of the appellant’s petition.
The opinions of Florida appellate courts are in conflict on the issue presented here. In Morin v. Morin, 466 So.2d 1255, 1257 (Fla. 2d DCA 1985), the Second District ruled that, while the trial court erred in modifying support to a date prior to the filing date of the petition to domesticate and modify a Massachusetts judgment, “[t]he trial court did have the authority, however, to modify payments as of ... the date [the former husband] filed his application for modification in Florida.” The court explained its rationale as follows:
We will give full faith and credit to that portion of a foreign support judgment which is not subject to modification in the state of rendition and which is, therefore, final for purposes of the full faith and credit clause- As Florida courts cannot modify arrearages retroactively, and because the parties stipulated that the Massachusetts judgment was entitled to full faith and credit, we must view the arrearages as vested. Accordingly, the court erred in ordering the reduction of the payments to take effect as of [a date earlier than the filing of the petition for modification].
The trial court did have the authority, however, to modify payments as of ... the date Mr. Morin filed his application for modification in Florida. Orders that modify support payments as of, or subsequent to, the date a petition for modification is filed, but prior to the date the order of modification is entered, are not subject to the criticism that they have retroactive effect which destroys vested rights. This is true because the modification and the proceedings thereon are referable to the date the petition is filed, and any change effective as of that date cannot be said to be retroactive. The trial court is not bound to modify the judgment as of the date the application is filed, as opposed to the date the order is entered, but it has the discretion to do so.
Id. at 1257-58 (citations omitted).
In Fabio v. Monell, 594 So.2d 782, 783 (Fla. 5th DCA 1992), however, the Fifth Dis- *1202 triet sitting en banc held that “a trial court lacks the authority or power to modify a foreign judgment until that foreign judgment is established as a Florida judgment.” Thus, under Fabio, a trial court could not make a modification of child support (and presumably alimony as well) retroactive to the date of the filing of the petition to establish the foreign decree as a Florida judgment and to modify same. Rather, modification could be made effective only prospectively from the date a foreign decree is established as a Florida judgment. Id. The Fabio court certified conflict with Morin. Id.
We think the rationale of Morin is more consonant with logic and existing law. When a foreign decree is “domesticated” under sections 55.501-503, Florida Statutes, the decree “shall have the same effect and shall be subject to the same rules of procedure, legal and equitable defenses, and proceedings for reopening, vacating, staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit court or county court of this state.” § 55.503(1), Fla. Stat. (1995)(emphasis added). An order of a Florida court increasing child support[1] which modifies a final judgment entered by a Florida circuit court may be made effective, in the discretion of the trial court, as of the date of the filing of the petition for modification, see Miller v. Schou, 616 So.2d 436 (Fla.1993), as may an increase or decrease (including termination) of alimony, see Perdue v. Perdue, 506 So.2d 72 (Fla. 5th DCA 1987), Laliberte v. Laliberte, 698 So.2d 1291 (Fla. 5th DCA 1997), and Nowell v. Nowell, 634 So.2d 235 (Fla. 1st DCA 1994). If, upon domestication in Florida, a foreign judgment is indeed to be given the “same effect” as a Florida judgment, then the domesticated foreign judgment should be modifiable retroactive to the date of a filing of a petition of modification as would a Florida judgment. To treat a domesticated decree as a Florida judgment for prospective purposes only would deny the domesticated decree the “same effect” as a judgment originally issued by a Florida court. See § 55.503(1), Fla. Stat. (1995). With respect, we cannot agree with the Fa-bio court’s conclusion that a trial court is without the authority to make a modification retroactive because it lacked jurisdiction over the foreign decree until it was established as a Florida decree. See Fabio, 594 So.2d at 783. Once a foreign judgment is domesticated in Florida, it is to be treated as though it was always a Florida decree, see section 55.503(1), Florida Statutes (1995), subject to the limitations imposed by the full faith and credit clause. U.S. Const. art. IV, § 1; Sackler v. Sackler, 47 So.2d 292 (Fla.1950); Morin, 466 So.2d at 1257. Pursuant to Article V, section 3(b)(4), of the Florida Constitution, we certify conflict with Fabio.
While neither the petition for domestication and modification nor the final judgment domesticating and modifying the North Carolina judgment cite to chapter 55, Florida Statutes, we find that the rationale expressed in that statute and in Morin supports reversal here. We remand for the trial court to enter, in its discretion, a judgment increasing child support and alimony as of the date of the filing of the petition for modification.
AFFIRMED in part, REVERSED in part, and REMANDED; conflict certified.
BOOTH and WOLF, JJ., concur.

. A modification which reduces child support may not be applied retroactively. See Livingston v. Livingston, 686 So.2d 664 (Fla. 1st DCA 1996), and the cases cited therein.