781 So.2d 431 (2001)
Eugene HASKIN, Appellant,
v.
Judith HASKIN, Appellee.
No. 4D00-729.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Rehearing Denied April 18, 2001.
Barry S. Franklin of Barry S. Franklin & Associates, P.A., North Miami Beach, for appellant.
*432 Robert B. Resnick of The Law Offices of Robert B. Resnick, P.A., Boca Raton, for appellee.
PER CURIAM.
Eugene Haskin, the former husband, appeals a circuit court order modifying a New Jersey divorce decree by increasing permanent periodic alimony in favor of the former wife, Judith Haskin. We affirm.
On April 13, 1992, the former wife filed a petition seeking to establish the New Jersey decree, and subsequent modifications, as a Florida judgment. In June 1992, the former wife filed an amended petition. The petition also sought an increase in permanent alimony payments because of a "substantial change" in her circumstances. In 1993, the trial judge dismissed the case. This court reversed in Haskin v. Haskin, 677 So.2d 376 (Fla. 4th DCA 1996), and remanded the case for a new hearing. The case proceeded to trial on the amended petition on January 11, 2000. The trial court entered its order granting modification on January 27, 2000.
We write primarily to address one issue. The former husband argues that the trial court erred in ruling on the modification because no order expressly domesticated the New Jersey decree that the former wife sought to modify.
From the record, it does not appear that the former wife sought to domesticate the New Jersey decree pursuant to the Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (2000). However, the Act does not preclude a common law action to enforce a final judgment; section 55.502(2) provides that the Act "shall not be construed to impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under this act." See Le Credit Lyonnais, S.A. v. Nadd, 741 So.2d 1165, 1168 (Fla. 5th DCA 1999), rev. granted, 760 So.2d 947 (Fla.2000).
In evaluating the modification order in this case, we agree with the approach of the third district in Pettigrew v. Pettigrew, 518 So.2d 986, 987-88 (Fla. 3d DCA 1988), that "substance must be elevated over form" so that the order should be "treated as if it expressly stated what it clearly involved[,]" the domestication of the New Jersey decree. The original complaint sought domestication. It was clear that the former wife sought an upward modification of the alimony award in the New Jersey decree. The trial court considered and rejected the argument that modification should be left to the courts of New Jersey under the facts of this case. Apart from the issues litigated at trial concerning the propriety of the modification, there was no legal reason precluding domestication.
The doctrines of res judicata and collateral estoppel do not bar the former wife from seeking a modification. "A foreign decree that determines a duty to support and sets the amount of support is subject to modification in the future and is therefore only res judicata of the duty to support under the circumstances existing at the time of the judgment." Helmick v. Helmick, 436 So.2d 1122, 1127-28 (Fla. 5th DCA 1983) (Cowart J., concurring) (footnote omitted). Because the trial court based its order on the former wife's change in circumstances, the order determined issues not dealt with by the 1981 New Jersey order.
AFFIRMED.
DELL, STEVENSON and GROSS, JJ., concur.