PER CURIAM.
In this family law appeal, Appellant raises four issues. We affirm three of the issues raised without comment: that the Florida trial court failed to give full faith and credit to orders entered in Georgia; that Appellee was estopped from relitigat-ing child support enforcement in Florida; and that the trial court abused its discretion by awarding attorney’s fees. Appellant failed to preserve these issues for appellate review. See Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005). Appellant also argues that res judicata prevented Appellee from relit-igating enforcement of their final divorce decree. We agree, and reverse.
Three children were born of the marriage. The parties were divorced in Georgia on October 10, 2002. The final divorce decree incorporated an agreement requiring Appellant to pay child support, with child support being forgiven for the first 12 months. In 2004, Appellee sought enforcement of the agreement through a contempt proceeding in Georgia, and the Georgia court set child support at $1,430.00 per month.
*294 In 2006, Appellee and the parties’ minor children moved to Florida. Appellee filed a new contempt motion in Georgia in 2007, arguing the divorce agreement was not being properly enforced because child support was supposed to be self-modifying. According to Appellee, the agreement required Appellant to pay one-third of his yearly salary, regardless of whether his income increased or decreased. The Georgia court disagreed with Appellee’s interpretation, upheld the $1,480.00 per month support amount, and found that child support was not self-modifying. The Georgia court specifically found that Appellant was not required to provide annual income information.
On July 31, 2008, Appellee petitioned for recognition, domestication, enforcement, and modification in Florida. During a hearing on the petition, Appellee asked the Florida court to reinterpret the agreement, find Appellant in arrears, and order him to pay one-third of his yearly income from 2005 forward. Appellant objected several times, arguing that res judicata barred Appellee from raising the issue a second time. Appellant tried to introduce the Georgia contempt order and hearing transcript, but the Florida court denied the request.
After the hearing, Appellant moved to reopen evidence and accept the Georgia order and transcript as evidence supporting his res judicata argument; the motion was denied. In its final judgment, the Florida court found Appellant had paid $105,820.00 in child support, but still owed $222,854.84 in unpaid child support from 2003 through December 31, 2009. The Florida court also modified child support to one-third of Appellant’s 2009 income, or $2,084.36 per month, beginning July 1, 2010.
“The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated.” Engle v. Liggett Group, Inc., 945 So.2d 1246, 1259 (Fla.2006); see Fla. Dep’t. of Transp. v. Juliano, 801 So.2d 101 (Fla.2001).
Interpretation of the parties’ divorce agreement was fully litigated with notice, opportunity to be heard, and legal representation. The orders interpreting the agreement and setting child support were entered by a Georgia court of competent jurisdiction; therefore, Appellee was barred by res judicata from relitigating the issue in Florida. See Fla. Dep’t of Transp., 801 So.2d at 105. The Florida trial court had jurisdiction to modify child support from the date the petition for domestication was filed. See Barr v. Barr, 724 So.2d 1200, 1202 (Fla. 1st DCA 1998). We therefore reverse the portion of the trial court’s final order finding Appellant was in arrears from 2003 to July 31, 2008, and remand for a determination of child support modification beginning July 31, 2008, the date that Appellee petitioned for domestication.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BENTON, C.J., DAVIS and THOMAS, JJ., concur.