PER CURIAM.
 

 Appellant, the former husband, appeals the trial court’s Order on Status Conference, which it entered upon remand from our opinion in
 
 Sullivan v. Hoff-Sullivan,
 
 58 So.3d 293 (Fla. 1st DCA 2011). There, we held that because orders interpreting the parties’ divorce agreement and setting child support were entered by a Georgia court of competent jurisdiction, Appellee, the former wife, was barred by
 
 res judica-ta
 
 from relitigating the issue of the interpretation of the parties’ divorce agreement in Florida. 58 So.3d at 294. We reversed in part and remanded for a determination of child support modification beginning July 31, 2008, the date that Appellee petitioned for domestication and modification in Florida.
 
 Id.
 

 In this appeal, Appellant contends that the trial court failed to follow
 
 Sullivan
 
 on remand when it modified child support and established a child support arrearage from August 2008 forward based again upon its interpretation of the parties’ divorce agreement, which differed from that of the Georgia court’s interpretation. We agree. As Appellant argues, the trial court should have determined the modification issue pursuant to the child support guidelines found in section 61.30, Florida Statutes.
 
 *1147
 

 See
 
 § 61.30(1)(a), Fla. Stat. (“The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding ... or in a proceeding for modification of an existing order .... ”);
 
 see also Finney v. Finney,
 
 995 So.2d 579, 581 (Fla. 1st DCA 2008) (noting that a trial court’s discretion concerning child support is subject to the statutory guidelines set forth in section 61.30).
 

 Accordingly, we REVERSE the order on appeal and REMAND for further proceedings consistent with this opinion.
 

 BENTON, C.J., DAVIS and MARSTILLER, JJ., concur.