529 So.2d 1260 (1988)
Beth Fried GOLDMAN, Appellant,
v.
Lloyd Selig GOLDMAN, Appellee.
No. 87-2199.
District Court of Appeal of Florida, Third District.
August 23, 1988.
Howard L. Kuker, Miami, for appellant.
Fred G. Prichason, for appellee.
Before HUBBART, NESBITT[*] and JORGENSON, JJ.
PER CURIAM.
The mother appeals from a final order of the trial court allowing the father to offset fully an $8,000 arrearage in child support and denying the mother attorney's fees. We affirm in part and reverse in part.
The marriage of the parties was dissolved in 1978. Pursuant to the terms of the final order of dissolution, the trial court *1261 approved a property settlement agreement entered into between the parties. The agreement provides in pertinent part:
7. CHILD SUPPORT. The Husband agrees to pay to the Wife as support and maintenance money for their two minor children ... Five Hundred ($500.00) Dollars per month per child commencing January 1, 1980 and terminating upon the child attaining the age of majority or until said child completes her college or vocational education (as hereinafter provided for), whichever occurs last.
The Husband shall pay the cost of all fees, books and tuition for the college or vocational education of the minor children of the marriage so long as the child is of college material or of proper material for vocational school... .
The Husband further agrees to assume all responsibility for medical and dental (including orthodontia and nonelective cosmetic surgery) care for both of the minor children which is not presently covered by the Wife's insurance ... such medical and dental payments which the Husband is required to furnish shall continue through the first four years of college or vocational school or the marriage of the said minor daughters, whichever shall first occur.
After the parties' elder daughter attained majority, but while she was still attending college, the father ceased making child support payments to the mother and instead made payments directly to and on behalf of his daughter. Eighteen months after the support payments stopped, the mother filed a motion to enforce the agreement. After a hearing, the trial court entered an order granting the motion for enforcement. Both mother and father were ordered to supply memoranda of law on the issue of the mother's entitlement to support arrearages. The trial court subsequently found that the mother was entitled to $8,000 in child support arrearages, subject to possible setoffs due the father. The father submitted an affidavit in support of claimed setoffs. The affidavit reflected that the father had paid for his daughter's room and board at college for three semesters, purchased a computer and software for her use at school, provided spending money, and paid for airline tickets, book expenses, and medical bills not covered by insurance. Based on the information in the affidavit, the trial court determined that the father's expenditures, which exceeded $8,000, fully set off the arrearage.
The trial court erred in allowing a full setoff. The clear terms of the agreement require the father to pay book expenses and medical bills not covered by insurance. Those expenditures cannot be used to reduce the arrearage. While it is testimony to his generosity that the father provided his daughter with spending money, air travel, and a computer, such expenditures are gifts and cannot qualify as setoffs.
Wooten v. Wooten, 510 So.2d 1033, 1036 (Fla. 2d DCA 1987) (Campbell, A.C.J., concurring in part and dissenting in part), sets out the general rule of law that
payments made by a father to or for the benefit of his children voluntarily and not pursuant to a divorce decree may not be credited by him against other amounts due and owing under the decree absent a showing of compelling equitable circumstances that would justify such a setoff.
Payment of excess educational expenses constitutes a compelling equitable circumstance. Id.; see also Mooty v. Mooty, 131 Fla. 151, 179 So. 155 (1938). At the time the mother and father entered into the property settlement agreement, both parties obviously had considered the desirability, as well as the expense, of providing their daughters with college educations. By the clear language of the agreement, the father agreed to provide for college fees, books, and tuition. Although he was under no obligation to assume further college-related expenses, the father's payment for room and board for several semesters indicates a substantial compliance with the spirit and intent of the order of support. Mooty; Jimenez v. Jimenez, 309 So.2d 38 (Fla. 3d DCA 1975). Had the father not paid the cost of room and board, moreover, the burden would have fallen to the mother. The trial court properly allowed payments *1262 for room and board to be credited against the support arrearage.
Finally, the trial court erred in failing to award the mother additional attorney's fees for preparation of the required memorandum and for further proceedings below. There is nothing in the record or the order of the court to suggest "sufficient circumstances or equitable considerations" that would support denial of attorney's fees. Gottesman v. Gottesman, 220 So.2d 640 (Fla. 3d DCA 1969).
Accordingly, we reverse that portion of the order denying attorney's fees to the mother. We affirm the order to the extent it permits the father a setoff for expenditures for college room and board.[1]
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[*] Judge NESBITT did not hear oral argument but participated in the decision.
[1] The mother contends that the father overstated the room and board expense. On remand, the trial court must ascertain the correct amount for setoff.