543 So.2d 408 (1989)
Karen FRIEND, Appellant,
v.
Roger FRIEND, Appellee.
No. 88-2681.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
William H. Branch of Boyd & Branch, P.A., and Chriss Walker of Department of Health and Rehabilitative Services, Tallahassee, for appellant.
No appearance for appellee.
GARRETT, Judge.
We address whether appellee-husband should have received a credit against child support arrearage for payments made by him to his son and daughter.
According to State of Illinois records, the husband owed appellant-wife $4,260 for past due child support. After the son turned eighteen, the husband moved to have the previously ordered $240 monthly support for both children allocated to reflect only support for the daughter. By the time the motion was heard, the daughter had also turned eighteen. At the hearing, the judge granted the husband a credit of $1,225 for payments made directly to the adult son. A review of the record shows $350 of the payments were actually given directly to the daughter before she turned eighteen.
We reverse.
The husband had a court ordered obligation to contribute to the support of his children. The child support payments vested in the wife when they became due. Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989); See Friedman v. Friedman, 508 So.2d 781 (Fla. 4th DCA 1987). No credit should be given for payments made directly to a child or a third party unless such payments are given in substantial compliance with the support order. Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988).
The record does not reveal why the $350 payment was made to the daughter. Accordingly, there was no evidentiary basis for the trial judge to conclude such payment was given in substantial compliance with the support order.
The balance of the payments was given to the son for college expenses. The 1975 Illinois Judgment for Divorce also ordered the husband to defray expenses of a college education for both children. The husband cannot satisfy his support obligation with a credit for paying his college education obligation.
*409 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
ANSTEAD and LETTS, JJ., concur.