PER CURIAM.
The petitioner (wife in the dissolution action below) seeks certiorari review of a January 31,1994 order of the trial court requiring the petitioner to produce herself and the couple’s minor child for a second blood draw in order to complete human leukocyte antigen (HLA) tests that had been previously ordered by the court. The petitioner also seeks review of that portion of the order reducing temporary child support as a sanction for her failure to comply with the discovery order requiring the second blood test.
We deny certiorari review of the January 31st order requiring additional HLA testing. The petition is not timely filed because petitioner in actuality, seeks to challenge, three months after rendition, the November 5, 1993 order which originally granted the husband’s motion for HLA testing. Therefore, this court lacks jurisdiction to review the trial court’s decision to order HLA testing in the first instance. Fla.App.P. 9.100(c)(1) (1993). In short, the HLA tests were ordered on November 5, 1993; the January 31st order merely rescheduled testing which was inconclusive.
Nevertheless, we find that the trial court abused its discretion in reducing the father’s child support obligations as a sanction for the mother’s discovery violation and reverse that portion of the order.[1]
The trial court has discretion to sanction a party who refuses to comply with a discovery order, but that discretion is limited by the provisions of rule 1.380(b), Florida Rules of Civil Procedure. Reduction of child support is not one of the authorized sanctions enumerated under rule 1.380(b). Further, it is reversible error to impose a sanction which punishes an individual or party who bears no responsibility for a discovery violation committed by another. See Mitchem v. Grubbs, 485 So.2d 891 (Fla. 1st DCA 1986). That is especially true where the individual most injured by the sanction is a minor child whose rights and interests are the subject matter of the proceedings. Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986).
Reversed in part and remanded.
GUNTHER, KLEIN and STEVENSON, JJ., concur.

. We note that a challenge to the modification of a child support award should ordinarily be appealed pursuant to Rule 9.130 (a) (3) (C)(iii), Florida Rules of Appellate Procedure, as a non-final order determining monetary relief in a dissolution action. This court will treat the petition for writ of certiorari as a non-final appeal. Skinner v. Skinner, 561 So.2d 260, 262 (Fla.1990); Fla.App.P. 9.040(a) (where a party seeks an improper remedy, the cause should be treated as if the proper remedy had been sought).