670 So.2d 1058 (1996)
STATE of Florida, DEPARTMENT OF REVENUE and Susette Kiedaisch, Appellants,
v.
Frederick W. KIEDAISCH, Appellee.
No. 94-04394.
District Court of Appeal of Florida, Second District.
March 15, 1996.
*1059 Joanna B. Garrett and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellant State of Florida, Department of Revenue on behalf of Susette Kiedaisch.
Marc A. Tenney, St. Petersburg, for Appellee.
PARKER, Judge.
The State of Florida, Department of Revenue and Susette Kiedaisch (mother) appeal the trial court's order which changed the payee of the child support monthly payments and arrearages and reduced the child support arrearage of Frederick W. Kiedaisch (father). We conclude that the trial court erred in modifying the support order because the father had not filed a proper pleading seeking modification and had not notified the mother that modification would be at issue in the hearing. We further conclude that the trial court erred in its determination of the proper amount of setoff to arrearage.

MODIFICATION OF FINAL JUDGMENT.
In 1990 the trial court entered a Final Judgment of Dissolution of Marriage which incorporated a Marital Settlement Agreement. The Agreement provided: "The Husband recognizes that he has a general obligation to provide support, education, medical and dental care for and to his child, JENNIFER THOMSON KIEDAISCH, and agrees that such support shall be payable to the Wife for the benefit of the child as provided more specifically herein." The agreement provided that the father would pay $517.50 until the child reached age eighteen and $300 per month from the child's eighteenth birthday "for forty-eight (48) consecutive months in order to assist the Wife in providing a home and college education for the child." A trial court order required the father to make these payments through the central government depository.
In 1994 the mother filed a Motion for Contempt and Income Deduction Order and Notice of Hearing, alleging an arrearage of child support in the amount of $15,497.42 as of May 1994. The father filed a Motion Contesting Notice of Delinquency and Intent to Initiate Income Deduction Order wherein he stated that he would offer testimony and/or evidence indicating that the amount of the arrearage alleged was in error and/or inappropriate. A hearing officer held an evidentiary hearing where the father and the daughter testified. The mother did not attend the hearing but was represented by her attorney. The testimony related to the child's living arrangements, the money the father contributed to the child's support, and the money the mother contributed toward the child's support.
The trial court entered an order which adopted the hearing officer's findings and recommendations. The order, in part, modified the final judgment by ordering the father to pay the child support and arrearage directly to the child.
The mother argues that the trial court could not modify the final judgment at this hearing because the father had not filed proper pleadings seeking modification and had not noticed the mother that modification would be an issue at this hearing. We agree. "A court cannot modify a support decree ... unless the issue of modification is presented in appropriate proceedings and each party is afforded an opportunity to be heard on such issue." Manning v. Varges, 413 So.2d 116, 117 (Fla. 2d DCA 1982). Notice that the court will consider an arrearage does not place a party on notice that the court might modify the child support order. Department of Health & Rehabilitative Servs. v. Smith, 605 So.2d 1335 (Fla. 5th DCA 1992).
In the instant case, the mother's and the father's notices provided that only the issues of contempt and the arrearage would be considered. They did not give notice that the court could modify the support order. The father argues that he filed a Supplemental Petition for Modification of Final Judgment *1060 of Dissolution of Marriage in January 1992. He, however, never set that Petition for hearing; thus, we conclude that he abandoned the Petition. Even if he did not abandon it, the father still did not give the mother notice that his Petition would be heard at this hearing. Furthermore, in his Petition he requested that his child support obligation be decreased. He never requested cessation of the payments to the mother. For the above reasons, we conclude that the trial court erred in modifying the support order as a result of this hearing.

ARREARAGE.
In 1991 the trial court entered an order which set an arrearage amount of $6,681.17 as of November 20, 1991. In May 1994 the mother filed a Motion for Contempt wherein she alleged an arrearage amount of $15,497.42 as of May 4, 1994. At the hearing the mother presented a Certificate of Arrears which showed an amount of $16,397.42 as of August 15, 1994.
The child testified that she lived with her father from March 1991 until September 1991. She then lived with her mother from September 1991 through February 1992. The child moved in with her boyfriend's family in March 1992 until July 1, 1992. The child has lived in her own apartment since that time. The child testified that she received only "minimal support" from her mother during the time she lived with the mother. The child claimed that the money the mother sent to the boyfriend's family and the money the mother used to pay for the child's schooling came from a college fund that her grandparents had set up for her. The child testified that there initially was $20,000 to $25,000 in that account. The father offered an exhibit into evidence which showed that there was only $12,632.14 in the account as of March 22, 1994.
The father testified at the hearing that he provided $10,634 in support either directly to the child or on her behalf. He paid the child's rent, purchased food, bought her clothes and a car, paid for car repairs, tires, and gasoline, gave her cash, paid her utility bills and car insurance, bought her airline tickets, and paid for cheerleading camp and health insurance. The trial court adjusted the arrearage amount from $16,397.42 to $5,763.42, giving the father credit for $10,634.
Ordinarily child support arrearages become vested in the custodial parent. Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980). In some equitable situations, payments made directly to or on behalf of the child in substantial compliance with the support order can be used to set off the arrearage. Friend v. Friend, 543 So.2d 408 (Fla. 4th DCA 1989).
The case of Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988), is most instructive. In Goldman, the parties entered into an agreement wherein the husband would pay the wife child support until the child completed college. The agreement also obligated the father to pay the daughter's fees, books, and tuition for college in addition to medical and dental expenses. After the party's daughter attained majority but was in college, the husband ceased making child support payments to the wife and made payments directly to or on behalf of the daughter. The husband was in arrears $8000. The trial court allowed the father a full setoff because he had paid the daughter's room and board, purchased a computer and software, provided spending money, and paid for airline tickets, book expenses, and medical bills. The Third District held that the agreement required the father to pay book expenses and medical bills in addition to the support payment; therefore, those expenditures could not reduce the arrearage. The court then found that spending money, air travel, and the computer were gifts and could not be used to set off the arrearage. Finally, the court found that payment of excess educational expenses, not required by the agreement, constituted a compelling equitable circumstance which would allow the court to set off those payments against the arrearage. Thus, the father was allowed a setoff for his payment of room and board.
Applying Goldman to the facts of this case, the following items should be considered a gift for which the father is not entitled to a setoff: car, car repairs, tires, gas, cash, car insurance, airline tickets, and cheerleading camp. The following items were payments made in substantial compliance with the support order and should set off the arrearage *1061 amount: rent, food, clothes, utilities, and health insurance once the child attained the age of eighteen.
The mother claims that the trial court erred because it reduced the arrearage amount to less than the amount established in November 1991, which was $6,681.17. Since that date, the father was credited with payments totaling $5,217.75. If this entire amount was credited against the existing arrearage, there still remains $1,463.42 from the arrearage established in that order. The trial court cannot modify that amount retroactively. See Huffman v. Huffman, 596 So.2d 718 (Fla. 2d DCA 1992).
We affirm the trial court order with respect to allowing a setoff of the arrearage. We, however, reverse the order to the extent that it modified the final judgment of dissolution of marriage and as to the amount of the setoff. We remand this case to the trial court to determine the correct amount of setoff due to the father in light of this opinion.
Affirmed in part; reversed in part; and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.