PER CURIAM.
The State of Florida Department of Revenue, on behalf of Wanda S. Pulliam, appeals a final order determining that the appellee, Dennis P. Watt, was $3000 in arrears in child support payments. We affirm in part and reverse in part.
The former wife, Wanda S. Pulliam (wife), filed a petition seeking payment of arrearag-es in connection with a final judgment of divorce entered in the state of Ohio. The judgment ordered her former husband, Dennis P. Watt (husband), to pay child support payments in the amount of $100 per month. The petition, filed pursuant to the Uniform Reciprocal Enforcement of Support Act, alleged that the husband was in arrears in making the required child support payments and owed her $16,200. At the time the wife’s action was commenced, the parties’ child was twenty-three years old.
The husband answered the petition and filed a counterpetition. In his answer, the husband admitted that he had been ordered to pay child support and stated that he had no objection to the trial court entering an income deduction order. He did, however, contest the amount of the arrearages claimed by the wife. In the counter-petition, the husband requested the court to allow him certain credits and to determine the correct amount of arrearages.
Based upon the evidence presented to the trial court at the final hearing, the court found that the child, with the wife’s consent, had lived with the husband for twenty-one months. The trial court also found that the husband was entitled to a $9000 credit for payments that he had made directly to the wife over the. years. Even though the husband had not attempted to have his support obligation reduced during the time his daughter resided with him, the wife’s attorney offered to allow him a $2100 credit for that period of time. In addition to .the $9000' credit for payments made to the wife, and the $2100 credit for payments that accrued while the child resided with the husband, the court also determined that during that twenty-one month period the wife should have contributed $100 per month to the husband to assist in the support of the daughter and allowed him an additional $2100 credit. The trial court subtracted these credits from the amount claimed by the wife and entered a final judgment in favor of the wife in the *802 amount of $3000. The Department of Revenue filed a timely notice of appeal on the wife’s behalf.
The trial court did not err in allowing the husband two of the three credits. First, there was sufficient competent evidence presented to support the trial court’s determination that the husband should be given a credit of $9000 for payments he made directly to the wife. We, accordingly, affirm that decision without further discussion. Next, because the wife’s attorney agreed to allow the husband a credit of $2100 for the twenty-one months that the daughter resided with the husband, it is not necessary for us to consider if special circumstances warranted an exception from the general rule that modifications should be sought in advance of the time payments are due. See Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992). See also Waldman v. Waldman, 612 So.2d 703 (Fla. 3d DCA 1993); Francisco v. Francisco, 505 So.2d 1102 (Fla. 2d DCA 1987); Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA 1985). If called upon to do so, however, we would find that such circumstances existed. See Waldman. We, accordingly, also approve of that credit.
We agree, however, with the wife’s contention that the trial court erred by going further than just allowing the husband a set-off for the payments he did not make while the child resided with him. In addition to that $2100 set-off, the court allowed the husband another off-set in the amount of $2100 for support payments the court felt that the wife should have made for the time the child resided with the husband. In order to obtain assistance from the wife in supporting his daughter, the husband could have sought a modification of the Ohio judgment. He did not do so and the court erred by attempting to retroactively create an obligation for the wife to support the child. See Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984).
We, accordingly, reverse and remand with instructions to enter an amended judgment establishing the husband’s obligation for ar-rearages in the amount of $5100. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and ALTENBERND, JJ., Concur.