696 So.2d 472 (1997)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Rebecca GEIGER, Appellant,
v.
John LEONARDI, Appellee.
No. 96-02406.
District Court of Appeal of Florida, Second District.
July 2, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
QUINCE, Judge.
The State Department of Revenue (the department) appeals the trial court's order sua sponte suspending appellee's child support obligation and reserving jurisdiction over the issue of appellee's arrearage obligation. We reverse because the trial court's order is a modification of child support which was entered without notice and an opportunity to be heard.
In July 1991 Rebecca Geiger filed a complaint to determine paternity and establish child support. John Leonardi was determined to be the father of the minor child and was ordered to pay ongoing child support in the amount of $231.88 a month and $10.00 a month on arrearages. On February 26, 1996, the department filed a motion for contempt against Leonardi alleging child support arrearages in excess of $11,000.00. Leonardi never filed a pleading seeking modification of his child support obligation, and the department never received a notice that the child support amount would be an issue at the contempt hearing. Nonetheless, the hearing officer, after determining Leonardi was not in wilful contempt, ordered the clerk to suspend child support as of the date of the hearing, April 15, 1996.
After the trial court ratified the hearing officer's findings, the department filed a motion to vacate arguing the issue of suspension of child support was not properly before the court. Although the trial court agreed, it denied the motion to vacate. This timely appeal followed.
A court cannot modify a child support award unless the issue is presented by appropriate pleading, with sufficient notice and an opportunity for the nonmoving party to be heard. Department of Revenue v. Screws, 688 So.2d 391 (Fla. 2d DCA 1997); Department of Revenue v. Kiedaisch, 670 So.2d 1058 (Fla. 2d DCA 1996). Notice of a contempt proceeding does not provide sufficient notice that a court may modify a previously imposed child support obligation, Kiedaisch, 670 So.2d at 1059 (notice of contempt motion seeking child support arrearage did not constitute notice that the court might modify child support order); Department of Health and Rehabilitative Services v. Carter, 654 So.2d 267 (Fla. 2d DCA 1995) (reversing trial court's order reducing future child support obligation when the only issue before the *473 court was appellant's contempt motion to enforce domesticated child support order).
This court has held that a suspension of the requirement to pay ongoing child support constitutes a modification of a prior order. Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983). Leonardi did not file a pleading requesting modification of his ongoing child support obligation. Without such a pleading, the trial court was without authority to modify his obligation of support.
Accordingly, we reverse the order suspending Leonardi's child support payments and reserving jurisdiction over the arrearage issue.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.