PER CURIAM.
The Department of Revenue (“Department”), on behalf of the former wife, argues that the lower court erred in granting the former husband a credit against child support arrearages for cash payments given directly to the parties’ minor child and/or the former wife’s mother. We affirm.
The Department asserts that all of such payments must be deemed gifts which cannot be used to set-off the outstanding support. While it is certainly true that unilateral payments made voluntarily and without authority of court by the non-custodial parent to or on behalf of a minor may not be credited against child support arrearages, see Garcia v. Gonzalez, 654 So.2d 1064, 1065 (Fla. 3d DCA 1995); Montante v. Montante, 627 So.2d 554, 556 (Fla. 4th DCA 1993); Onley v. Onley, 540 So.2d 880, 880-81 (Fla. 3d DCA 1989), we do not think that the cash payments found to have been made in this case may be properly characterized as such. There was competent substantial evidence to support the finding that the cash payments made to the minor child and/or the maternal grandmother were expressly for the child’s support and in accordance with the former husband’s agreement with the former wife *1342 regarding support. Thus, the former husband was entitled to a set-off of these payments from the outstanding arrearages. See Florida Dep’t of Rev. v. Kiedaisch, 670 So.2d 1058, 1060 (Fla. 2d DCA 1996)(“In some equitable situations, payments made directly to or on behalf of the child in substantial compliance with the support order can be used to set off the arrearage.”) (citation omitted). But see Friend v. Friend, 543 So.2d 408, 408 (Fla. 4th DCA 1989)(where record did not reveal the reason for cash payment made directly to minor child, there was no eviden-tiary basis for the court’s conclusion that such payment was given in substantial compliance with support order). This case did not involve the scenario of a noncustodial parent seeking a credit for bestowing some gratuitous benefit upon a minor against outstanding support arrearages. For that reason, the holding of the cases relied upon by the Department are simply inapplicable. See generally Kiedaisch, 670 So.2d at 1060 (father not entitled to set-off from his support arrearage payments made for daughter’s car, car repairs, tires, gasoline, ear insurance, airline tickets, and cheerleading camp); Larger v. Diaz, 595 So.2d 1092, 1094 (Fla. 3d DCA 1992)(payment of child’s tuition at private school did not discharge duty of support); Onley, 540 So.2d at 880-81 (former husband not entitled to set-off of support arrearages for $2000 cost of automobile given to teenaged son); Shufflebarger v. Shufflebarger, 460 So.2d 982, 985 (Fla. 3d DCA 1984)(funds set aside for minor child’s future college education will not set-off support ar-rearages when the father was under no duty to provide for a college education).
For these reasons we therefore affirm the order under review.
Affirmed.