WARNER, C.J.,
dissenting.
I dissent from that portion of the majority opinion which allows the husband credit against the reduced child support ordered in the modification judgment for his payment of boarding school tuition and expensive summer camp. First, there is nothing in the original final judgment which contemplates either the payment of extraordinary education expenses or summer camp. Goldman v. Goldman, 529 So.2d 1260, 1261-62 (Fla. 3d DCA 1988), cited by the majority, involved a settlement agreement whereby the parties contemplated that the child would attend college and incur expenses. Therefore, the appellate court found that the payment of certain additional expenses for room and board were within the spirit and intent of the settlement agreement and order for support. By contrast, no settlement agreement was involved in this hotly contested case, and the original final judgment contains no such language from which the “spirit and intent” to send the children to boarding school or to private camps can be gleaned. Therefore, I think the court erred as a matter of law in awarding credits for support.
Moreover, it is one thing to consider deducting expensive tuition and camp fees as a credit against support of over $7,000 per month as was awarded in the original final judgment. Support at that level contemplates a higher standard of living for the children. However, in the order of modification, the support was retroactively reduced to $2,600 per month for the children, a modest amount which could not support such expensive luxuries and which contemplates a much reduced life-style.[3] Credit for luxuries against a thrift budget seems grossly unfair and an abuse of discretion to me.
In all other respects I concur with the majority opinion.

. For the year in which the daughter attended boarding school, under the retroactive modification, the husband was only required to pay $27,200 in child support. The credit the husband received for boarding school of $22,000 leaves $5,200 to support the two sons and doesn’t even cover their cost for camp for that year for which the husband was also given credit. Thus, the credits in that year amount to more than the husband’s entire obligations.