STRINGER, Judge.
The Department of Revenue (“the DOR”), on behalf of Lynda Holmich (“the Former Wife”), seeks review of the trial court’s order granting Walter Holmich’s (“the Former Husband”) motion to vacate the hearing officer’s order finding the Former Husband in willful contempt for nonpayment of child support. Because the trial court’s order established a support obligation for the Former Wife without proper notice, we reverse.
The Former Wife and Former Husband were divorced pursuant to a final judgment of dissolution of marriage entered in June 1992. At the time of the divorce, there were two minor children born of the marriage, Steven and Jeffrey Holmich. The Former Wife obtained custody of Jeffrey, and the Former Husband obtained custody of Steven through the final judgment. The judgment ordered the Former Husband to pay the Former Wife child support for Jeffrey in the amount of $350 per month, commencing July 31, 1992. The judgment also ordered the Former Husband to satisfy an accrued child support arrearage of $7000 at a rate of $300 per month commencing July 31, 1992. All of the Former Husband’s payments were to be paid through the Pinellas County Clerk of Court.
In July 1999 the DOR filed a motion for contempt for nonpayment of child support for $58,875 on behalf of the Former Wife. The Former Husband responded with a motion to suspend child support and establish arrears. The motion alleged that the Former Husband had satisfied the $7000 arrearage. The motion further alleged that the Former Husband had obtained physical custody of Jeffrey Holmich three months after the entry of the final judgment.
On March 13, 2000, the child support hearing officer held a hearing on the DOR’s motion for contempt and on the Former Husband’s motion to suspend support and establish arrears. There was bonflieting testimony regarding whether the Former Husband had paid the $7000 arrearage. The Former Husband testified that he had paid the arrearage directly to the Former Wife, instead of through the clerk of court. The Former Wife testified that the Former Husband had not paid her any child support since the dissolution.
The parties agreed that Jeffrey came to live with the Former Husband in August 1992. During the time Jeffrey lived with the Former Husband, the Former Wife paid no child support. The parties had an understanding that neither would pay sup *1065 port because of the change of custody. However, the Former Husband never filed a petition for modification of child support or custody.
The child support hearing officer found the Former Husband in willful contempt for nonpayment of child support. The hearing officer ordered the Former Husband to pay $5000 to purge his contempt. The Former Husband filed a motion to vacate, a notice of exceptions to the hearing officer’s report, and a motion for rehearing or, in the alternative, a motion for clarification with the trial court.
On September 6, 2000, the court entered an order granting the Former Husband’s motion to vacate. The order found that the Former Husband was entitled to a credit of $7000 toward his child support arrearage based on the amount the Former Wife should have paid in child support for Jeffrey during the time Jeffrey resided with the Former Husband. The court made the following findings of fact and conclusions of law:
E. The change in custody of the child in 1993 created a child support obligation from Former Wife to Former Husband.
[[Image here]]
2. That Former Husband shall be given a $7,000.00 credit toward the child support arrearage which existed at the time of the entry of the Final Judgment, and any arrearage which exited [sic] at the time of the entry of the Final Judgment is hereby deemed SATISFIED.
The parties had stipulated that the Former Wife’s child support obligation, if imposed, would exceed the Former Husband’s $7000 arrearage.
The DOR appealed the trial court’s order in this court. The DOR argues that the court erred in vacating the hearing officer’s order finding the Former Husband in willful contempt for nonpayment of child support. Specifically, the DOR argues that the trial court erred in establishing a child support obligation for the Former Wife and in awarding the Former Husband a corresponding $7000 credit toward his arrearage. We agree and reverse.
A trial court cannot modify a child support award unless there has been a petition for modification providing the non-moving party notice and an opportunity to be heard. Dep’t of Revenue ex rel. Geiger v. Leonardi, 696 So.2d 472, 472 (Fla. 2d DCA 1997); Dep’t of Revenue v. Kiedaisch, 670 So.2d 1058, 1059 (Fla. 2d DCA 1996). Notice that the court will consider a child support arrearage does not put a party on notice that the court might modify the existing child support order. Id.
The facts of this case are analogous to those of Department of Revenue ex rel. Pulliam v. Watt, 681 So.2d 800 (Fla. 2d DCA 1996). In Watt, the former wife filed a petition seeking payment of child support arrearages, and the former husband contested the amount owed. Id. at 801. The trial court found that the child had lived with the former husband for twenty-one months during the time period in question. Although the former husband had not filed a petition for modification, the court determined that the former wife should have contributed $100 per month to the former husband for child support during the time the child resided with the former husband. Id. This court reversed on appeal, holding that the trial court erred by creating a retroactive child support obligation for the former wife when the former husband had not sought a modification of the final judgment. Id. at 802.
In this case, the trial court found that “[t]he change in custody of the child in 1993 created a child support obligation from Former Wife to Former Husband.” *1066 Based on this obligation, the trial court awarded the Former Husband a $7000 credit toward his child support arrearage. As in Watt, the trial court erred in creating a retroactive child support obligation for the Former Wife because the Former Husband had not sought modification of the final judgment. Because the child support obligation for the Former Wife was improper, it cannot serve as a basis for a credit against the Former Husband’s $7000 arrearage. Accordingly, we reverse and remand for reinstatement of the hearing officer’s order of contempt.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.