901 So.2d 992 (2005)
Najeeb KHAN, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 4D03-2607.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
Theodore R. Dempster, Miami, for appellant.
No appearance for appellee.

Amended Opinion
FARMER, C.J.
In the underlying domestic relations case, a mother filed a motion for unspecified *993 sanctions against the father for failing to comply with an outstanding order compelling discovery. At the end of a hearing on that motion, at which the father was not present or represented, the trial court entered what is in effect a default final judgment awarding child support and arrearages to the mother. Appealing from a subsequent order denying his motion for relief from the judgment, the father argues that he had no notice that evidence on the merits of child support would be taken at the hearing on the mother's motion for sanctions in regard to discovery violations, and that in any case child support is not an appropriate sanction for failing to provide discovery. Although the Department of Revenue (DOR) appeared in the trial court on behalf of the former wife, it has not filed an answer brief. We reverse.
DOR had filed a petition to modify a final judgment, seeking an award of child support. In DOR's motion for sanctions arising from the father's failure to comply with discovery requests and an existing order compelling discovery, DOR requested only "that the Court grant its Motion for Sanctions and impose sanctions upon the Respondent pursuant to Rule of Civil Procedure 1.380(b)." Nowhere in the motion itself, or its companion notice of hearing, was there any suggestion that evidence would be taken on the merits of the underlying issue of child support obligations and arrearages.
It is an essential part of the concept of due process that any relief granted at a hearing be within the kind of relief sought by the notice given for hearing. As the court said under very similar circumstances:
"A court cannot modify a child support award unless the issue is presented ... with sufficient notice and an opportunity for the nonmoving party to be heard. Notice of a contempt proceeding does not provide sufficient notice that a court may modify a previously imposed child support obligation." [e.s.]
Dep't of Revenue v. Leonardi, 696 So.2d 472, 472 (Fla. 2d DCA 1997); see Dep't of Revenue v. Kiedaisch, 670 So.2d 1058 (Fla. 2d DCA 1996) (child support order could not be modified at hearing on mother's motion for contempt as father did not give notice to mother that modification would be in issue at hearing); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986) (notice of hearing must advise parties of specific issue that will be considered at hearing); see also Fla. Fam. L.R.P. 12.285(j) ("If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties." [e.s.]).
Nor could the trial court properly award child support as a sanction for a discovery violation. See Edwards v. Edwards, 634 So.2d 284 (Fla. 4th DCA 1994) ("The trial court has discretion to sanction a party who refuses to comply with a discovery order, but that discretion is limited by the provisions of rule 1.380(b), Florida Rules of Civil Procedure. Reduction of child support is not one of the authorized sanctions enumerated under rule 1.380(b)."). The court has ample authorized tools to deal with parents refusing to cooperate during discovery in child support litigation.
Reversed.
STONE and MAY, JJ., concur.