969 So.2d 494 (2007)
T.S., In the Interest of D.H., a Minor Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D07-2161.
District Court of Appeal of Florida, First District.
November 20, 2007.
*495 John L. Miller of Johnson, Green, & Miller, P.A., Milton, for Appellant.
Katie George, Chief Legal Counsel, Richard D. Cserep, Assistant District Legal Counsel, Department of Children and Families, Pensacola, for Appellee.
Leslie N. Powell, Legal Services of North Florida, Pensacola, for Appellee.
HAWKES, J.
T.S., Father of D.H., appeals the termination of his parental rights. As grounds, he alleges the Department of Children and Families (Department) failed to prove by clear and convincing evidence that he abandoned his child pursuant to section 39.806(1)(b), Florida Statutes (2006). We agree.

Facts
From the time of the child's birth in December 2005 until mid-July 2006, Father's paternity was in question. On August 1, 2006, approximately two weeks after his paternity was established, Father began an eight-month term of incarceration in the county jail.[1]
In November 2006, three months after he was incarcerated, the Department filed a petition to terminate his parental rights, alleging Father had abandoned his child in that, while being able, he did not provide child support or make an effort to contact his child.
In March 2007, seven months after he was incarcerated, and one month prior to his scheduled release from incarceration, a termination hearing was held. Significantly, there was no evidence presented to show Father had the ability to pay child support, or contact his 15-month-old child from jail. Father's parental rights were ultimately terminated based solely on a finding of abandonment.
In support of its finding of abandonment, the trial court found Father, while being able, made no provision to pay child support, failed to maintain contact with his child, and failed to send a card or gift for the child's birthday.

Analysis
The statutory elements of abandonment must be established by clear and convincing evidence. See § 39.809(1), Fla. Stat. (2006). The standard of review for a trial court's finding of clear and convincing evidence is highly deferential. See N.L. v. Dep't of Children & Family Servs., 843 So.2d 996, 999 (Fla. 1st DCA 2003). On appeal, a finding of clear and convincing evidence is presumed to be correct and will not be overturned unless it lacks evidentiary support or is clearly erroneous. See id. We review trial court's finding of clear and convincing evidence for competent, substantial evidence. See id. at 1000.
Abandonment, is defined in relevant part as:
"a situation in which the parent . . . while being able, makes no provision for *496 the child's support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations. If the efforts of such parent . . . to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned. . . . [I]ncarceration . . . may support a finding of abandonment."
§ 39.01(1), Fla. Stat. (2006). The qualifying phrase "while being able" excludes involuntary abandonment. See P.S. v. State, 384 So.2d 656 (Fla. 5th DCA 1980).
Although a parent's incarceration can be a factor the court considers for terminating parental rights based on abandonment, incarceration alone is insufficient. W.T.J. v. E.W.R., 721 So.2d 723 (Fla.1998); In re T.B., 819 So.2d 270, 272 (Fla. 2d DCA 2002); In re N.S., 898 So.2d 1194, 1198 (Fla. 2d DCA 2005). It is also improper to terminate parental rights if a parent is unable to financially provide for the child or assume parental obligations due to incarceration. See In re T.B., 819 So.2d at 272; C.B. v. Dep't of Children & Families, 874 So.2d 1246 (Fla. 4th DCA 2004) (holding that, absent any other evidence of abandonment, Mother's rights were improperly terminated based on short-term incarceration).
Here, Father was incarcerated for only eight months. During that time, his child was between eight months old and 15 months old. There was no evidence that Father had the ability to either support his child or meaningfully contact his child during the eight months he was in jail. The trial court's finding to the contrary is not supported by competent, substantial evidence. We REVERSE the order terminating Father's parental rights, and REMAND for proceedings consistent with this opinion.
PADOVANO, J., concurs.
KAHN, J., dissents with opinion.
KAHN, J., Dissenting.
I would defer to the findings of the trial court concerning abandonment and, therefore, respectfully dissent.
NOTES
[1] Father's incarceration resulted from pleading to a charge of Lewd and Lascivious on Mother because, at the time of the child's birth, Mother was 14 years old and Father was 20 years old. His original sentence was for one year, but he served as a trustee and was released after eight months.