PER CURIAM.
Appellant, M.E., challenges an order terminating her parental rights. Concluding that the trial court’s determination is *269 not supported by competent, substantial evidence, we reverse the order and remand for further proceedings.
In the termination order, the court found the evidence troubling for “the gaps in proof’ which the Department of Children and Families (“Department”) might have produced but did not. It noted that the Department produced no evidence or records from any mental health professional treating appellant. It found some “obvious” errors in the testimony of the “only professional” who testified and a “certain vagueness even on subjects where [the professional] appeared to be reasonably accurate.” Nevertheless, the court terminated appellant’s parental rights because of evidence that appellant exhibited irrational behavior at times. In so ruling, the court noted that it would have been more comfortable reaching its conclusion if provided with actual testimony from treating physicians or psychologists. This appeal followed.
The elements necessary to support the termination of parental rights must be proven by clear and convincing evidence. C.M. v. Dep’t of Children & Families, 953 So.2d 547, 550 (Fla. 1st DCA 2007). Clear and convincing evidence has been defined as an:
intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy.
In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995) (citation omitted). A finding that evidence is clear and convincing will not be overturned unless it lacks evidentiary support or is clearly erroneous. T.S. ex rel. D.H. v. Dep’t of Children & Families, 969 So.2d 494, 495 (Fla. 1st DCA 2007). Such a determination is reviewed on appeal under the competent, substantial evidence standard. Id.
It is apparent from the order on appeal that the trial court was very concerned about the lack of evidence introduced by the Department. With respect to the evidence that was introduced, the court found obvious errors and a certain vagueness in the testimony of the “only professional” who testified. The court’s own observations regarding the lack of evidence establish that it was not convinced without hesitancy that the evidence warranted the termination of appellant’s parental rights. As a result, we are unable to say that competent, substantial evidence supports the court’s finding that the evidence was clear and convincing.
Accordingly, we REVERSE the order and REMAND for further proceedings.
HAWKES, C.J., WEBSTER and DAVIS, JJ., concur.