DAMOORGIAN, J.
 

 Kelly McGrath timely appeals the trial court’s non-final order on her motion for contempt alleging that Michael Caron had failed to meet his child support obligation.
 
 See
 
 Fla. R.App. P. 9.130(a)(4) (non-final orders entered after final orders on authorized motions are reviewable);
 
 Eggleston v. Eggleston,
 
 751 So.2d 191, 191 (Fla. 4th DCA 2000). We reverse because the trial court erred by
 
 sua sponte
 
 reducing Caron’s child support obligation. Moreover, even assuming that Caron had requested a reduction in the amount of child support, the trial court faded to make the required findings for the downward modification of a child support obligation.
 
 See Pimm v. Pimm,
 
 601 So.2d 534, 536 (Fla.1992);
 
 Harbin v. Harbin,
 
 762 So.2d 561, 563 n. 2 (Fla. 5th DCA 2000).
 

 McGrath and Caron are parents to two minor children. On August 14, 2003, they entered into an Agreed Final Judgment of Paternity to resolve a pending paternity action in connection with their children. The final judgment required Caron to pay child support in the amount of $569.00 per month. Caron also owed $2,779.00 in back child support and agreed to pay an addi
 
 *1255
 
 tional $31.00 per month in order to satisfy the child support arrearage.
 

 In May 2008, McGrath filed a Motion for Civil Contempt/Enforcement alleging that Caron had willfully failed to pay child support and arrearages, as required by the court’s several orders
 

 [1]
 

 since June 1, 2007. The record on appeal does not reflect that Caron filed a response or a counter-petition. After a hearing on the motion, the trial court entered an order in which it found that Caron had failed meet his child support obligation since June 1, 2007. The court also found that Caron did not have the present ability to pay his support obligation, but did have the ability to pay $300 per month in twice-monthly installments. Accordingly, it reduced his child support obligation to this amount. The order also prohibited McGrath from filing motions for contempt or affidavits of delinquency so long as Caron met his reduced child support obligation.
 

 McGrath raises several issues on appeal. First, she argues that the trial court erred by reducing Caron’s monthly child support obligation without a request from Caron for a downward modification. We agree.
 

 “[A] court cannot modify a child support award unless the issue is presented ... with sufficient notice and an opportunity for the nonmoving party to be heard. Notice of a contempt proceeding does not provide sufficient notice that a court may modify a previously imposed child support obligation.”
 
 Dep’t of Revenue v. Leonardi,
 
 696 So.2d 472, 472 (Fla. 2d DCA 1997) (citations omitted);
 
 see also Khan v. Dep’t of Revenue,
 
 901 So.2d 992 (Fla. 4th DCA 2005) (noting that proper notice is “an essential part of the concept of due process”);
 
 Dep’t of Revenue v. Kiedaisch,
 
 670 So.2d 1058 (Fla. 2d DCA 1996) (notice of contempt motion seeking child support arrearage did not constitute notice that the court might modify the child support order).
 

 Even assuming that Caron had requested a reduction in the amount of child support, the trial court failed to find that there was a substantial change in circumstances, that the change was not contemplated at the time of the final judgment, and that the change is sufficient, material, involuntary, and permanent in nature.
 
 See Pimm,
 
 601 So.2d at 536. While it is possible that Caron suffered a permanent change in his circumstances which was material and involuntary, thereby justifying the reduction of his monthly child support obligation, the trial court failed to make any findings to support such conclusion. The lack of findings regarding Caron’s change in circumstances precludes any meaningful review as to the correctness of the trial court’s conclusion.
 
 See Harbin,
 
 762 So.2d at 563.
 

 McGrath also argues that the trial court erred by failing to rule on her motion for contempt after having determined that Caron failed to pay child support since June, 2007. The only issue raised by the pleadings was whether Caron should be held in contempt for failing to pay child support and arrearages. McGrath was entitled to a ruling on that issue.
 
 Cf. Dileo v. Dileo,
 
 939 So.2d 181, 184 (Fla. 5th DCA 2006) (in an order of contempt, the trial court must include factual findings reflecting the existence of a prior valid support order, the failure to pay all or part of that order, the present ability to pay, and the
 
 *1256
 
 willful refusal of the offending parent to comply with the order).
 

 Finally, McGrath argues that the trial court’s prohibition against her filing any further motions for contempt or affidavits of delinquency so long as Caron continues to pay $300 per month toward his child support obligation was error. Trial courts generally do not have the authority to restrict a litigant’s access to the courts, unless the litigant is abusing the legal process.
 
 See, e.g.,
 
 § 68.093, Fla. Stat. (2008) (Florida’s Vexatious Litigant Law);
 
 Smith v. Fisher,
 
 965 So.2d 205 (Fla. 4th DCA 2007) (holding that Florida’s Vexatious Litigant Law, section 68.093, Florida Statutes, is constitutional and remedies the problem of meritless litigation without unduly restricting the vexatious litigant’s access to courts);
 
 Sibley v. Sibley,
 
 885 So.2d 980, 985-86 (Fla. 3d DCA 2004) (a court may require a frivolous litigant to be represented by counsel in future actions). In light of the court’s conclusion that Car-on failed to pay child support since June, 2007, McGrath’s motion was well taken. Accordingly, there was no basis to restrict McGrath’s access to the courts.
 

 This matter is remanded for the trial court to rule on McGrath’s motion for contempt. We reverse the modification of child support payments contained in the order. Our holding is without prejudice to Caron to file a petition for modification of the amount of child support, prospectively.
 

 Reversed and Remanded.
 

 WARNER and STEVENSON, JJ., concur.
 

 [1]
 

 . McGrath had previously filed a Petition for Modification. In response, Caron filed a Counter-Petition concerning shared parental responsibility, the children’s primary residence and child support. In February, 2008, the trial court entered an agreed order on the petition and counter-petition requiring Caron to continue to pay child support and arrearag-es as set out in the Agreed Final Judgment of Paternity.