PER CURIAM.
 

 In this appeal stemming from a dependency case involving T.S.’s three children, T.S. argues that the trial court erred in terminating protective supervision and placing the children in the custody of their respective natural fathers. A termination of protective supervision order is reviewable under an abuse of discretion standard.
 
 C.A. v. Dep’t of Children & Families,
 
 988 So.2d 1247, 1249 (Fla. 4th DCA 2008). We reverse because the motion to terminate protective supervision was heard at a status hearing, which was scheduled for the purpose of receiving a therapist’s report, and T.S. was not given notice that the motion would be heard at that time.
 
 See R.H. v. Dep’t of Children & Families,
 
 948 So.2d 898, 899 (Fla. 5th DCA 2007) (noting that it was error and a violation of the mother’s due process rights to terminate protective supervision without prior notice that permanency would be decided). Here, the trial court abused its discretion where the mother objected to termination of protective supervision and there was no prior notice that the Guardian Ad Litem’s pending motion for closure of the case as to the three children would be at issue at the status hearing. The mother was not
 
 *342
 
 prepared, nor was she required to be prepared, to defend the significant motion to terminate protective supervision, which although filed, had not been noticed for hearing.
 
 See Khan v. Dep’t of Rev.,
 
 901 So.2d 992, 993 (Fla. 4th DCA 2005) (“It is an essential part of the concept of due process that any relief granted at a hearing be within the kind of relief sought by the notice given for hearing.”).
 

 Reversed and remanded for further proceedings.
 

 STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.