NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| In the Interest of D.O., a child. | ) | |
| _____ | ) | |
| | ) | |
| K.M., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-3197 |
| | ) | |
| DEPARTMENT OF CHILDREN AND FAMILIES, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed October 21, 2016.

Appeal from the Circuit Court for
Hillsborough County; Caroline Tesche
Arkin, Judge.

Norman A. Palumbo, Jr., for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Mary Soorus, Assistant
Attorney General, Tampa, for Appellee.


LaROSE, Judge.

In this appeal of the dependency court's order terminating supervision and

jurisdiction over the minor child, D.O., the Department of Children and Families

appropriately concedes error. More specifically, the Department admits that the legal

father, K.M., received no notice that the Department's motion to terminate protective

supervision would be heard and ruled upon at a June 20, 2016, judicial review hearing. We reverse and remand for further proceedings.

The child was sheltered in Florida as to the mother in 2013. The father resides in Illinois. On June 3, 2016, he moved to modify placement of the child. Apparently, among other things, the father wanted custody of the child during the summer to build a stronger bond with the child. On June 17, 2016, beyond the date set by the dependency court to file motions, the Department filed a motion to terminate protective supervision and jurisdiction. At the June 20, 2016, judicial review hearing, the court found that the mother had complied with her case plan and, over the father's objection, granted the Department's motion. Any further issues, the dependency court concluded, could be addressed in the family court division of the circuit court.

The trial court considered the Department's motion and entered the order terminating supervision without proper notice to the father; consequently, we must reverse and remand for further proceedings. K.M. was entitled to reasonable notice and an opportunity to be heard in the dependency proceedings. In C.K. v. Department of Children & Family Services, 88 So. 3d 975, 977 (Fla. 2d DCA 2012), this court observed that "[s]ection 39.502(1) and (4)-(9), Florida Statutes (2011), requires that parties in dependency proceedings receive notice. Similarly, Florida Rule of Juvenile Procedure 8.255(h), applicable to dependency proceedings, provides that '[w]hen these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.' " More to the point, the First District has held that "the trial court erred in terminating protective services at a status hearing for which the Mother was not given notice that termination of services would be considered." J.S. v. Dep't of Children & Families, 75 So. 3d 808, 809 (Fla. 1st DCA 2011) (citing T.S. v. Guardian ad Litem, 49 So. 3d 341

(Fla. 4th DCA 2010)).  The Department and the Guardian ad Litem conceded error in J.S.

Accordingly, we reverse the order terminating supervision and jurisdiction and remand for further proceedings.

Reversed and remanded.

KELLY and LUCAS, JJ., Concur.