DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.F.,** the Father,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D17-2986

[January 31, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2015-DP-300266-XXXX-SB.

Andrew A. Holness of the Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Meredith K. Hall, Children's Legal Services, Bradenton, for appellee.

Heather Sayfie, Pro Bono, Hallandale Beach, and David P. Krupski, Sanford, for Guardian Ad Litem Program.

PER CURIAM.

B.F. ("the father") appeals an order terminating his parental rights and raises several arguments. We affirm the majority of the order, but we recognize that, as the father argues, the trial court erred in terminating his parental rights on the ground of abandonment where the Department of Children and Families ("the Department") failed to sufficiently prove that ground. Consequently, we reverse the portion of the order terminating the father's parental rights on the ground of abandonment.

The child was sheltered at the age of four months and was adjudicated dependent several months later. He was ultimately placed with his paternal great-grandmother and great-aunt. The father was incarcerated at commencement of the dependency proceedings, and while an exact timeline is not clear, the record reflects he was in and out

of jail for a significant portion of the dependency and termination proceedings. A case plan was entered requiring the father to provide proof of child support, stable income, and housing, among other tasks. The Department eventually petitioned for termination of his parental rights alleging several grounds, including abandonment.

At trial, at which point the child was two years old, the Department presented testimony regarding the father's support of and interaction with the child from the case manager and the child's paternal great-grandmother, who is one of the child's custodians. The case manager testified that she did not facilitate visitation between the father and the child, but was aware of one visit between them. The father lived in Broward and Tampa at different times in the proceedings and the child lived in Miami. The father did not provide proof of child support, stable income, or housing, but he reported to the case manager that he worked "underneath the table" and did not have physical paychecks.

The great-grandmother testified that the father has visited the child on four occasions, but he did not visit the child on a consistent basis because he has been in and out of jail. Initially, the child was hesitant to go to his father and bites him sometimes, but has warmed up to him. The child loves the father, calls him "Da-Da," and runs to and hugs the father when he sees him. Additionally, the father and child have "good communication" on the phone and the child knows he is his father. The father did not provide financial support or supplies for the child, with the exception of an outfit and a pair of shoes, and possibly fast food when he visited the child.

Following trial, the court entered an order finding that grounds for termination existed pursuant to section 39.806(1)(b), Florida Statutes, because the father had abandoned the child, and pursuant to section 39.806(1)(e), Florida Statutes, because the father failed to substantially comply with the case plan for a period of time after the child was adjudicated dependent and the case plan had been filed.[1]

---

[1] With respect to this ground, the order provides:

> 39.806(1)(e) The child has been adjudicated dependent, a case plan has been filed with the court, and:
>
> (1) The child continue[s] to be abused, neglected, or abandoned by the father. The failure of the father to substantially comply with the case plan for a period of 12 months after an adjudication of the children as dependent children or the children's placement into shelter care, whichever occurs first, constitutes evidence of

2

On appeal, the father argues the Department failed to present evidence that he had the ability to contribute to the child's care and maintenance, and therefore failed to prove abandonment. The father also asserts that the evidence demonstrates he maintained a relationship despite his incarceration by communicating with the child on the phone. We agree.

Termination of parental rights requires clear and convincing evidence of a statutory ground for termination set forth in section 39.806, Florida Statutes. *D.S. v. Dep't of Children & Families*, 164 So. 3d 29, 33 (Fla. 4th DCA 2015). Clear and convincing evidence is an "intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." *Fla. Dep't of Children & Families v. F.L.*, 880 So. 2d 602, 614 n.7 (Fla. 2004) (Cantero, J., concurring) (quoting *In re Adoption of Baby E.A.W.*, 658 So. 2d 961, 967 (Fla. 1995)). "While a trial court's decision to terminate parental rights must be based upon clear and convincing evidence, our review is limited to whether competent substantial evidence supports the trial court's judgment." *J.E. v. Dep't of Children & Families*, 126 So. 3d 424, 427 (Fla. 4th DCA 2013) (citation omitted).

Abandonment is a ground for termination of parental rights. § 39.806(1)(b), Fla. Stat.

> "Abandoned" or "abandonment" means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver, *while being able*, has made no significant contribution to the child's care and maintenance or has failed to establish or maintain a substantial and positive relationship with the child, or both. For purposes of this subsection, "establish or maintain a

---

continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due to the father's lack of financial resources or to the failure of the Department to make reasonable efforts to reunify the father and children, as defined in §39.806(1)(e)[1.], Florida Statutes, or

(2) The child has been in care for any 12 of the last 22 months and the parents have not substantially complied with the case plan so as to permit reunification under §39.522(2) Florida Statutes.

3

substantial and positive relationship" includes, but is not limited to, frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and the exercise of parental rights and responsibilities. Marginal efforts and incidental or token visits or communications are not sufficient to establish or maintain a substantial and positive relationship with a child. . . . The incarceration, repeated incarceration, or extended incarceration of a parent, legal custodian, or caregiver responsible for a child's welfare may support a finding of abandonment.

§ 39.01(1), Fla. Stat. (2016) (emphasis added).

"The qualifying phrase 'while being able' excludes involuntary abandonment." *T.S. ex rel. D.H. v. Dep't of Children & Families*, 969 So. 2d 494, 496 (Fla. 1st DCA 2007). "Although a parent's incarceration can be a factor the court considers for terminating parental rights based on abandonment, incarceration alone is insufficient. It is also improper to terminate parental rights if a parent is unable to financially provide for the child or assume parental obligations due to incarceration." *Id.* (citations omitted). "[T]he parent's efforts, or lack thereof, to assume parental duties while incarcerated must be considered in light of the limited opportunities to assume those duties while in prison." *In re T.H.*, 979 So. 2d 1075, 1080 (Fla. 2d DCA 2008).

The Department did not prove abandonment, as the record does not reveal competent, substantial evidence that the father was able to significantly contribute to the child's care and maintenance or that he failed to establish and maintain a positive and substantial relationship with the child. First, the only evidence of the father's financial ability was the case manager's testimony that the father told her he works under the table. There was no evidence of the amount of income, the type of work performed, or the duration of employment. Presumably this employment occurred at some point while he was not incarcerated, but the case manager did not know how long the father was incarcerated. Testimony that the father performed undocumented work between stints in jail is not competent, substantial evidence of ability and does not establish voluntary abandonment.

Second, the Department did not prove that the father failed to establish and maintain a positive relationship with the child; the evidence as a whole tended to establish the opposite. While he only visited the child four times in person, the great-grandmother's testimony

4

established that the father and child communicated well on the phone, and there was no evidence to contradict this. There was also no evidence regarding the father's ability to contact the child while he was incarcerated. Further, the great-grandmother testified that the child loves the father and recognizes him as his father. Testimony that the child was initially standoffish and has bitten the father is not competent, substantial evidence of the absence of a substantial and positive relationship, particularly in light of the fact that the child was two years old at the time of the testimony.

Consequently, we reverse the portion of the order terminating the father's parental rights on the ground of abandonment and remand for that ground and findings inconsistent with this opinion to be stricken from the order. However, we affirm the termination of the father's parental rights on the remaining ground, as the father's remaining arguments are either without merit or are waived.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and CIKLIN, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I dissent from that portion of the majority opinion which concludes that there was no competent substantial evidence to support abandonment, both as to his ability to contribute and as to his maintenance of communication to create a positive relationship. To the contrary, even when the father was out of prison and employed "under the table," he failed to make any contribution to the care of his child. Thus, while he was "able" and making income, he did not use any money for the support of his child. The Department should not be required to show the amount of his actual income in order to show abandonment. Further, as to maintaining contact with the child, the evidence supports the conclusion that appellant made only marginal efforts to interact with his child. Section 39.01(1) makes such efforts insufficient:

> For purposes of this subsection, "establish or maintain a substantial and positive relationship" includes, but is not limited to, frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and the exercise of parental rights and responsibilities. ***Marginal efforts and incidental or token visits or communications are***

5

> ***not sufficient to establish or maintain a substantial
> and positive relationship with a child***.

§ 39.01(1), Fla. Stat. (2016) (emphasis added).  As there was competent evidence to show that appellant's efforts were indeed marginal, the trial court's judgment should be sustained.

$$* \qquad * \qquad *$$

***Not final until disposition of timely filed motion for rehearing.***