NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of T.S.(1), T.S.(2), and T.S.(3), children.

I.U.,

        Appellant,

v.

        Case No. 2D18-2192

DEPARTMENT OF CHILDREN AND FAMILIES and GUARDIAN AD LITEM PROGRAM,

        Appellees.

Opinion filed January 18, 2019.

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche Arkin, Judge.

Kellye I. Hayashi of Hayashi Legal PLLC, Tampa, for Appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Mary Soorus, Assistant Attorney General, Tampa, for Appellee Department of Children and Families.

Thomasina Moore and Laura J. Lee, Tallahassee; and Margaret D. Mathews of Akerman, LLP, Tampa, for Appellee Guardian ad Litem Program.


LaROSE, Chief Judge.

I.U. (the Mother) appeals an "Order of Dependency Adjudication and Disposition with Findings as to the Mother, [I.U.], and Order Accepting Case Plan, and Termination of Protective Supervision and Jurisdiction." The trial court entered the order after a dependency disposition hearing. Among other things, the order terminated the trial court's jurisdiction and the Department of Children and Families' protective supervision.

The Mother asserts that she received no notice for the hearing; thus, she contends, the trial court erred by terminating protective supervision and jurisdiction. The Mother relies on K.M. v. Department of Children & Families, 201 So. 3d 1242 (Fla. 2d DCA 2016). There we reversed the trial court's order terminating protective supervision and the court's jurisdiction after a judicial review hearing because the parent had received no notice that the Department's motion would be heard and ruled upon at that hearing. Id. at 1242.

The Mother also asserts that the trial court lacked statutory authority to terminate its jurisdiction under the facts of the case. The Department and the Guardian ad Litem Program properly concede error on this point. They have expressly declined to address the Mother's first argument about notice. Accordingly, we reverse the order to the extent that it terminates supervision and jurisdiction, and we remand for further proceedings. In all other respects, we affirm the order.

Affirmed in part, reversed in part, and remanded.


VILLANTI and BADALAMENTI, JJ., Concur.