# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4091

_____

CHRISTOPHER JOSEPH
BORDONARO, Former Husband,

    Appellant,

    v.

EMILY JOY BORDONARO, Former
Wife,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

May 21, 2019

PER CURIAM.

Christopher Joseph Bordonaro appeals the trial court's order granting his former wife's Motion for Contempt/Enforcement and Motion for Attorney's Fees and Costs. The motion alleged that Appellant neglected his child support obligations under the Consent Final Judgment of Dissolution of Marriage (Final Judgment). We agree that the trial court adjudicated issues during the contempt hearing that were not properly pleaded or noticed and improperly granted attorney's fees to the former wife. We reject all of Appellant's other claims.

The increase of Appellant's monthly child support payments is improper for two reasons. First, it did not use the requisite separate pleading, financial affidavits, or worksheet. §§ 61.14, 61.30(14), Fla. Stat.; Fla. Fam. L.R.P. 12.285(k). Second, a trial court cannot modify child support on a party's motion for contempt for nonpayment of child support. *McGrath v. Caron*, 8 So. 3d 1253 (Fla. 4th DCA 2009). As a result, the arrearages imposed by the trial court based on the improperly modified child support obligations were also improperly imposed.

Moreover, the trial court's order found that Appellant effectively abandoned his minor child. A motion for contempt or enforcement for failure to meet one's support obligations is not the proper vehicle to request a finding of abandonment. Abandonment must be established by clear and convincing evidence and is usually requested through a petition for termination of parental rights. *See T.S. ex rel. D.H. v. Dep't of Children & Families*, 969 So. 2d 494, 495 (Fla. 1st DCA 2007).

Finally, the trial court erroneously granted Appellant's former wife's request for attorney's fees without considering or making any findings regarding either party's need or ability to pay. *See Fulmer v. Fulmer*, 961 So. 2d 1081, 1082 (Fla. 1st DCA 2007); *Perrin v. Perrin*, 795 So. 2d 1023, 1024 (Fla. 2d DCA 2001).

Accordingly, we reverse and remand so that the trial court can 1) strike the modified increase in child support and related arrearages and make the requisite findings supporting the enforcement of Appellant's original child support obligation pursuant to the Final Judgment; 2) strike its finding that Bordonaro effectively abandoned his minor child; and 3) make the appropriate findings regarding both parties' ability to pay and need for attorney's fees.

REVERSED and REMANDED.

WOLF, KELSEY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


James Pratt O'Conner, Fernandina Beach, for Appellant.

No appearance for Appellee.